STATE et al. v. NEWMAN.

No. 9953.

Court of Civil Appeals of Texas. Austin.

Feb. 21, 1951.

Rehearing Denied March 14, 1951.

Price Daniel, Atty. Gen., Charles P. Atkinson and J. A. Amis, Jr., Asst. Attys. Gen., Lee G. Williams, General Counsel, and J. G. McGuffin, Attorney, Texas Employment Commission, Austin, for appellants.

David M. Stiles, Fort Worth, and Neil E. Beaton, San Antonio, for appellee.

ARCHER, Chief Justice.

This suit was brought by J. T. Newman in the 53rd District Court of Travis County, Texas, against the State of Texas and its Attorney General, Price Daniel (acting at the request and on behalf of the Texas Employment Commission, composed of Harry Benge Crozier, Chairman and Executive Director, Dwight Horton and Dean W. Maxwell, Commissioners), to set aside the judgment of the 53rd Judicial District Court of Travis County, rendered in cause No. 86,860.

This appeal is based on two points assigned as error of the trial court in granting a temporary injunction, thereby holding that the District Court had jurisdiction of the person of the State, and an abuse of discretion by the trial court in granting the temporary injunction.

On June 12, 1950, in cause No. 86,860, the State of Texas and its Attorney General, Price Daniel, at the request of and on behalf of the Texas Employment Commission, brought suit for unpaid unemployment taxes in the 53rd Judicial District Court of Travis County, Texas, under the provisions of Article 5221b, Sec. 12, Vernon's Ann. Civ.Statutes, against J. T. Newman. The citation and a copy of the petition filed therein were duly served on J. T. Newman on June 14, 1950, at 3:30 o'clock, by delivering the same to J. T. Newman. Mr. Newman, the defendant in cause No. 86,860, did not answer, and on July 13, 1950, a default judgment for taxes was rendered in favor of the plaintiffs therein. This judgment became final by virtue of the ending of the term of the court.

It is undisputed that the appellee herein did not obtain the consent of the State to bring this suit; nor is any allegation of such consent or authority made in the petition filed by appellee herein. Upon a hearing of appellee's application for a temporary injunction, the trial court overruled the motion to dismiss filed by the appellant.

The trial court, after hearing the testimony of appellee's witnesses, granted the temporary injunction sought by appellee.

The first issue involved in this appeal is whether Mr. Newman is entitled to bring a bill of review to set aside a judgment rendered at a former term of the court when it is brought against the State, without having obtained consent of the State.

We do not deem it essential to a proper disposition of this appeal to discuss the first assignment, other than to say that if the bill of review would be proper and available to the plaintiff (appellee herein) in any proceeding, that we believe that the consent of the State is not absolutely necessary, but as we are holding that the bill of review is not applicable in this case for the reasons and the law as will be herein set out we do not decide this question as to jurisdiction.

We then have for decision the second assignment as to an abuse of discretion by the trial court in granting a temporary injunction in this case.

This question arises by virtue of certain facts and the law.

The State instituted a suit against J. T. Newman in cause No. 86,860, in a District Court in Travis County, Texas, to collect contributions provided for in Article 5221b, Sec. 12, Vernon's Ann.Civ. Statutes, as therein stated, and citation was served on J. T. Newman on June 14, 1950.

Shortly after he was served with the citation, Mr. Newman contacted his attorney, Hon. David M. Stiles, who a few days later talked with Hon. Neil E. Beaton, an attorney of San Antonio, Texas. A discussion was had between the attorneys as to an answer, and as to the employment of an attorney in Austin. Nothing was actually done. Mr. Stiles returned to Cuero and forwarded some papers in connection with another matter to Mr. Beaton, but did not send the citation in the instant case. No answer of any character was ever filed. Mr. Stiles moved his office to Fort Worth. A judgment was obtained on July 17, 1950, against Mr. Newman, as Newman's of Cuero. The term of the District Court was adjourned on July 29, 1950. The judgment was abstracted in DeWitt County, Texas, on the 18th of September, 1950. Upon learning of this filing of the judgment, Mr. Newman communicated with both Mr. Stiles and Mr. Beaton.

On November 3, 1950, the plaintiff filed his suit in the nature of a bill of review to set aside the judgment in cause No. 86,860, in the amount of $1,519.37, plus penalties, court costs, etc., and alleged that on May 22, 1950, he filed a suit against the Texas Employment Commission in DeWitt County, seeking to set aside the final ruling and decision of the Commission rendered on May 2, 1950, in which it was held that J. T. Newman was an employer under the Act on July 19, 1947, and subsequent thereto, and as such was liable for contributions. The said cause was transferred to Bexar County on plea of privilege of Charles J. Weber, where it is pending as cause No. F–60931. The avowed purpose of this suit was to determine the issue of whether D. C. Newman and C. G. Warren were, in fact, partners or employees of said Newman's of Cuero; if partners no tax was due to the Commission, but if employees then the tax was due.

Appellee contends that he had a meritorious defense to the cause of action alleged to support the judgment, and was attempting to show in cause No. F–60931, pending in Bexar County, that he was not an employer and that Newman's of Cuero was a co-partnership, employing less than eight people and as such was not subject to the provisions of Art. 5221–17(f), Vernon's Ann.Civ.Statutes, and that the failure to duly file an answer was not due to careless disregard of the attorney's business nor to callous attitude about the case. Further, that the attorneys for the Commission knew that J. T. Newman was contesting the proceedings before the Commission and knew of the pendency of cause No. F–60931, having participated in the said suit and filed an answer thereto.

The answer of the State was that the decision of the Commission had become final under Art. 5221b, Sec. 4(i), Vernon's Ann. Civ.Statutes, and that the District Court in Bexar County had no jurisdiction to hear and try cause No. F–60931, and that the

amount in controversy, $324 (the amount Charles J. Weber was to receive as benefits), was determinative of the jurisdiction of the court.

That the State could not get the same relief in cause No. F–60931 that it could in cause No. 86,860, because the venue and jurisdiction of suits for taxes and penalties is fixed by law in the District Court of Travis County, Texas.

A temporary restraining order was sought during the pendency of the suit and for an order setting aside the judgment in cause No. 86,860 in final hearing.

The court, on the 18th of November, 1950, found in the judgment granting the temporary injunction, "that the failure of the said J. T. Newman, defendant therein, to answer before default was not intentional nor the result of conscious indifference on his part, but was due to a mistake or an accident which prevented him from making his defense in said suit; that he has a meritorious defense which should be heard and considered."

There was no question as to the service of citation on Mr. Newman, or of his having called it to the attention of his attorney, who communicated with the attorney in San Antonio. No intimation is made that Mr. Newman was prevented from making his defense by the fraud, accident or wrongful act of the plaintiff; or that there was not any fault or negligence of the defendant, and under all of the circumstances and facts in this case it is apparent that the failure of the defendant to file an answer was occasioned by the negligence or lack of diligence by the defendant and/or his attorneys, and he cannot be relieved of the effect of the judgment.

In the case of Alexander v. Hagedorn, Tex.Sup., 226 S.W.2d 996, 998, the Supreme Court said: "Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or

negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App.; 208 S.W.2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al., Tex.Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, 'Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice.' Pico v. Cohn et al., 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159."

In the case of Kelley v. Wright, Tex. Civ.App., 184 S.W.2d 649, 653, affirmed, Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, 986, the attorney representing the petitioner for a bill of review had been called into the Army. The papers affecting the case were in his effects. The new attorney representing the petitioner made no effort to secure a postponement of the case to find the papers. The Court of Civil Appeals said: "Certainly their failure to pursue their remedy is not in any way attributable to appellee nor to her counsel. Their petition now under consideration asserts that they were prevented from presenting their defenses because their attorneys had lost or mislaid their documentary evidence; as above pointed out, apparently none of this was presented to the trial court. The rule in equity is that one will not be relieved of the effect of a judgment attributable to the negligence and defaults of his own attorneys."

In affirming the case the Supreme Court held: "No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mis-

420

take either of the party seeking the relief or his counsel."

In Thomas v. Mullins, Tex.Civ.App., 175 S.W.2d 276, 278, the court refused to set aside a final judgment upon application by way of a petition for a bill of review and, in so holding, said: "It is conclusive from appellants' own allegations that the only reason they did not perfect an appeal from the judgment of which they now complain was that their attorney inadvertently selected the wrong judgment from which to appeal when he perfected an appeal in the original litigation. In passing upon a similar question, Judge Critz, in expressing the opinion of the Supreme Court Commission, which was approved by the Supreme Court, in the case of Smith v. Ferrell, supra (44 S.W.2d [962] 966) said: 'It has been well said, that, "If mistakes in practice, or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party." * * * And, therefore, the law in such cases wisely acts upon the maxim, * * *—it is for the public good that there be an end of litigation.' "

The trial court erred in granting the temporary injunction, and the judgment is reversed and judgment rendered for appellant.

Reversed and rendered.