Gloria M. FARIAS, Appellant,

v.

Mary Alice BESTEIRO et al., Appellees.

No. 535.

Court of Civil Appeals of Texas,
Corpus Christi.

April 16, 1970.

Rehearing Denied May 7, 1970.

Edwards E. DeAses, Corpus Christi, for appellant.

Utter & Chase, Norman L. Utter, Corpus Christi, for appellees.

OPINION

GREEN, Chief Justice.

Appellant Gloria M. Farias filed in the 94th District Court of Nueces County, Texas, her petition as a Bill of Review, same being *Cause No. 101,037–C* in that court, seeking to have the court set aside a default judgment rendered against her in *Cause No. 97,410–D.*[1] She also prayed for injunctive relief restraining appellees Mary Alice Besteiro and husband, Doro Besteiro, (plaintiffs in the default judgment case) and the sheriff of Nueces County from proceeding with an execution sale under such judgment. Special exceptions contained in appellees' answer were sustained by the court and appellant was given an opportunity to amend. Upon appellant's refusal to amend, judgment was entered dismissing the bill of review action with prejudice. Motion for new trial was overruled, and appellant has perfected her appeal to this Court.

Appellant's allegations as to the nature of the cause filed against her by appellees (No. 97,410–D) and of the default judgment taken therein are very general. The sole allegations in the bill of review concerning the nature of Cause No. 97,410–D and the judgment, and appellant's defense, are as follows:

"II.

"Plaintiff says that on October 10, 1966, her father purchased the property in question, being Lot 32, Block 8, Casa Linda Estates No. 5, a subdivision of the City of Corpus Christi, Texas. On March 3, 1967, the said Eloy Farias transferred his right, title and interest in the above property to Gloria M. Farias, Plaintiff herein, with the consent and approval of the seller of this property, the said Gloria M. Farias assuming the loan owed for the purchase price of said property. On April 7, 1967, the seller, Henry L. Tucker, conveyed by Deed of Trust the above property to Plaintiff herein, the said Gloria M. Farias. In addition to assuming the payment of the loan balance on this property, the said Plaintiff has paid several thousand dollars for the purchase price thereof and has continued making the monthly payments due on the loan balance of this property. Plaintiff says that neither Mary Alice Besteiro nor her husband Doro Besteiro have any legal or equitable interest in the above described property. That Plaintiff does not owe the Besteiros any money nor do the Besteiros have any interest in the above described property.

III.

On May 24, 1968, Mary Alice Besteiro and her husband sued the Plaintiff on an alleged oral agreement concerning the above mentioned property. In their petition, the Besteiros alleged an oral agreement between Mary Alice and Plaintiff herein, the payment by Mary Alice Besteiro of Ten Thousand ($10,000) for the purchase of the above mentioned property and a debt owing by Plaintiff herein to Mary Alice Besteiro, her sister. All of these allegations were false.

\* \* \* \* \* \*

VII.

Plaintiff says that she has a meritorious defense to the petition filed by the

1. The trial court which rendered the judgment in cause No. 97,410–D is not designated by any allegations in appellant's bill of review. However, appellee's answer does identify such court as the 105th District Court of Nueces County, and special exceptions addressed to the proposition that the Bill of Review was filed in a different court were overruled by the trial judge. This matter is not presented to us by any point or cross-point.

Besteiros against her in Cause No. 97410–D, from which Cause's judgment was rendered against Plaintiff through circumstances beyond her control. Plaintiff's defense is that she does not owe the Besteiros any money and that they have no interest either legal or equitable in the above described property. That any monies paid by the Besteiros for the purchase price of this property was a loan to them from Plaintiff's father who has transferred all of his interest in this property to Plaintiff herein. Plaintiff says that she has evidence to prove her payment of the purchase price monies of the above ·described property. That she has a written statement, sworn to by the Besteiros, acknowledging her to be the rightful owner of the above mentioned property that she has receipts, Deeds and other instruments to show her rightful ownership of the above mentioned property."

Appellant's· petition in her bill of review action alleges as follows the reasons for her failure to file an answer in the suit brought against her by appellees (No. 97,-410–D). She admits having been served with citation on *June 7, 1968,* two weeks after the suit was filed. Prior thereto, she had received a letter from appellees' attorney, which she had referred to a lawyer in Corpus Christi. About ten days after being served with citation, she suffered a fractured ankle when she fell in a heavy rain. She suffered other injuries in attempting to get home, as a result of which she was incapacitated for about three months. She alleged that she attempted to contact the attorney in Corpus Christi whom she had theretofore talked with about the letter from appellees' lawyer, but was unable to do so due to her incapacity as well as the lawyer's absence from his office. By the time she was able to get up and around she received a letter from the district clerk of Nueces County notifying her of the default judgment, taken *September 13, 1968, three months and a week after service of citation.* The letter was mailed, she alleged, on September 16, but due to a wrong address furnished the clerk by appellees' attorney, it was not received by her until about three weeks later. She took the notice of default judgment to the lawyer in Corpus Christi to whom she had sent the letter from appellees' attorney. In this respect, she states in her affidavit attached to her bill of review and made a part thereof:

"During the course of my conversations with this Attorney it was my understanding that he would take my case. He quoted me a fee and I told him that he would have to wait for his money in that I would have to pay him in installments. He seemed to have agreed to this so that at the time that I left I was under the impression that he was working on my case from that moment on. The next information I received concerning the case was a Notice from the Sheriff telling me that my property in Corpus Christi was going to be sold in satisfaction of the Judgment. I attempted to contact the same lawyer again on several occasions but was never able to do so because he was either out of his office or out of town. I finally consulted my father's Attorney in Brownsville and he referred me to ———————— in Corpus Christi, Texas.

"During all of these occasions, once I learned that a law suit had been filed against me, I made every effort possible to have representation. I called my father's Attorney who referred me to the first lawyer in Corpus Christi and thereafter had several conversations with the lawyer in Corpus Christi with the conclusion that I felt he was representing me in the case, especially since he asked me to bring the papers and medical reports to him. I did not intend to ignore the summons which I received but was prevented from reacting due to my injuries and the mistake with the first lawyer in Corpus Christi."

The next information she received about the suit was several months later, when

the sheriff gave notice of levy of execution on the land in question.

Appellant's two points of error are as follows:

"FIRST POINT. The Trial Court erred in dismissing Appellant's Petition on the grounds that said Petition did not state a cause of action.

SECOND POINT. The Trial Court erred in dismissing Appellant's Petition on the grounds that the District Clerk's failure to notify Appellant of a Default Judgment rendered against her did not constitute a basis for granting Appellant's Bill of Review."

The trial court sustained various special exceptions directed at the vagueness, indefiniteness and generality of certain allegations in appellant's bill of review as to the cause of action alleged against her in Cause No. 97,410–D, her failure to file answer prior to default judgment, her failure to file motion to set aside the default judgment within 30 days, and the sufficiency of her allegations as to her defense to such suit. Among other special exceptions, we call attention to the following:

"III.

"Defendants except to Plaintiff's pleading as a Bill of Review because the same is insufficient in law or equity and states no cause of action for the following good and sufficient reasons:

a. That Plaintiff has failed to allege specifically the grounds of any meritorious defense, if any, to the cause of action alleged in Cause Number 97,410–D.

b. That nowhere in such pleading does Plaintiff state that she was precluded from presenting a defense to the original cause of action, same being Cause Number 97,410–D, through any extrinsic fraud, accident, or mistake wholly unmixed with any fault or negligence of her own so that she was compelled to suffer the Judgment in Cause Number 97,410–D, by reason of circumstances beyond her control."

The purpose of a pleading is to inform the court and the adverse party of what the pleader's contentions will be on the trial of the case, and the office of special exceptions to pleadings is to furnish the adverse party a medium by which to force clarification of and specifications in pleadings when not clear or sufficiently specific. Rules 45 and 91, Texas Rules of Civil Procedure; Texas Lime Company v. Hindman, Tex.Civ.App., 300 S.W.2d 112, aff'd, 157 Tex. 592, 305 S.W.2d 947.

The trial court has a large discretion in ruling on special exceptions, and his action in sustaining them, where he grants leave to amend, will not be disturbed on appeal in the absence of an abuse of discretion resulting in injury to appellant. Jones v. Alvin State Bank, Tex.Civ.App., 332 S.W.2d 124; Weiler v. Weiler, Tex. Civ.App., 336 S.W.2d 454; Yeatman v. Nelms, Tex.Civ.App., 345 S.W.2d 351; Southern Underwriters v. Hodges, Tex.Civ. App., 141 S.W.2d 707, wr. ref.; City of Abilene v. Jones, Tex.Civ.App., 355 S.W.2d 597; McKinney v. Flato Brothers, Inc., Tex.Civ.App., 397 S.W.2d 525.

The allegations of the petition must be accepted as true in testing the sufficiency of pleadings on special exceptions. City of Roma v. Starr County, Tex.Civ. App., 428 S.W.2d 851, wr. ref., n. r. e.; Grimes v. Talbot, Tex.Civ.App., 233 S.W.2d 206, wr. ref. n. r. e. An order dismissing the case with prejudice is a proper order to be entered when special exceptions going to the existence of a cause of action are sustained, and plaintiff refuses to amend. *City of Roma,* supra; Rutledge v. Valley Evening Monitor, Tex.Civ.App., 289 S.W. 2d 952, n. w. h.

The rules applicable to a bill of review were thoroughly discussed by our State Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996. We copy, as applicable to the instant case,

from the opinion as follows: (148 Tex. 565, 226 S.W.2d 998, p. 998)

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ. App., 208 S.W.2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. * * *"

See, also, Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31.

In 1968, our State Supreme Court in Gracey v. West, 422 S.W.2d 913 recognized the above three rules as essentials in a bill of review action, and in referring to *Hagedorn* stated: (p. 915)

"* * * These rules have been recognized as stating a correct rule of law by many cases since the discussion in the Hagedorn case. Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31, 34 (1964). The Rosser case modified the rule to the extent that where an officer of the court gives wrong information which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) above. Otherwise, the rule of Hagedorn was approved."

As to appellant's allegations of her reliance on a lawyer with whom she had spoken about the case to take necessary steps in her behalf, the Court in *Gracey*, supra, in speaking of the negligence of the lawyer in permitting a dismissal in the trial court of plaintiffs' case, quoted from Dow Chemical Company v. Benton, 163 Tex. 477, 357 S.W.2d 565, at 567, 568, as follows:

" 'In our opinion, all of these suggested situations (examples theretofore set out) are analogous to the present case, and all of the questions posed above must be answered in the negative. The reason is that as long as the attorney-client relationship endures, with its corresponding legal effect of principal and agent, the acts of one must necessarily bind the other as a general rule.'

[See also Tex.Emp.Ins. Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90 (1961) and cases therein cited.]"

See, also, Smith v. Brown & Root, Inc., Tex.Civ.App., 430 S.W.2d 549.

The rules of *Hagedorn, Rosser, Gracey,* and other authorities there cited, are applicable to the instant case. From appellant's pleadings it appears that 10 days passed from the service of citation on her in Cause No. 97,410–D until she suffered her accident. She attempted to contact the attorney whom she had previously consulted on this matter before suit was filed, but was unable to do so due to his absence from the office. Although appellee leveled and the court sustained special exceptions to the vagueness of the allegations as to the efforts to see her lawyer, appellant did not allege any further or more specific efforts to secure legal advice concerning filing an answer in the cause, and refused to amend. Appellee waited over three months from the date of service of citation before taking the default judgment. In our opinion, appellant does not allege facts showing a legal excuse for her failure to have an answer on file during that period of time. It appears to be apparent

that it was due to legal negligence of appellant that she did not employ a lawyer within the three months period to file such answer for her. State v. Newman, Tex. Civ.App., 237 S.W.2d 417, wr. ref.; Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983; Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111, cited with approval in the Hagedorn opinion.

■ Appellant contends she is entitled to a new trial due to her failure to receive notice of the default judgment in time to file a motion for new trial. She depends upon Rule 239a T.R.C.P., reading as follows:

"At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail a post card notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment."

In her petition she alleges that she did not receive notice of the judgment for a period of from three weeks to thirty days after its rendition, and states the reason for such delay as being due to appellee furnishing the district clerk a wrong address. The most relief appellant would be

entitled to because of this circumstance would be that she be excused from complying with the second of the three *Hagedorn* requirements set forth above, i. e., a showing that she was prevented from setting forth a meritorious defense by the fraud, accident or wrongful act of the opposite party. Hanks v. Rosser, supra; Gracey v. West, supra. The *Rosser* holding was expressly made to depend upon the assumption that the failure to file an answer was not intentional or the result of conscious indifference. See Kelly Moore Paint Co. v. Northeast National Bank, Tex. Civ.App., 426 S.W.2d 591, 593. Appellant, in order to plead a cause of action in her bill of review, would still have to allege that she had had a meritorious defense, and that her failure to present such defense was not caused by any fault or negligence of her own. She did allege that she had a meritorious defense in that she was not indebted to appellees, and that appellees did not own any interest in a certain tract of land. We feel such allegations were so general as to be subject to appellees' special exceptions as to vagueness and conclusions, and that the trial court did not abuse his discretion in sustaining the exceptions.

■ However, even if such allegations be considered as sufficient to allege a meritorious defense[2] we find that appellant did not meet the third requirement of *Hagedorn* and *Gracey*, supra, i. e., *she did not allege facts to establish that her failure to present her defense was unmixed with any fault or negligence of her own.* Parker v. Holland, Tex.Sup.Ct., 444 S.W.2d 581.

Appellee points out that according to appellant's statements in her affidavit she had seven days after receiving notice of the default judgment and before it became a final judgment in which to file a motion requesting that it be set aside. The time for filing a motion for new trial had passed (Rule 329b, subd. 1) but, as argued

2. In *Hagedorn* the court expressly found that defendant in the default judgment established a meritorious defense to the cause, but the Supreme Court refused to allow the bill of review because of non-compliance with requirements (2) and (3) supra.

by appellee, the trial court had jurisdiction to set aside the judgment any time during a period of 30 days after its rendition. However, since there would have been no opportunity to appeal from an adverse ruling to a motion to set aside the judgment not filed within 10 days of the judgment, and no timely notice of appeal having been given, we prefer to base our affirmance upon the reasons heretofore stated.

The trial court did not abuse its discretion in sustaining the special exceptions and, upon appellant's refusal to amend, in dismissing the case. Appellant's points of error are overruled.

Judgment affirmed.