

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-20-00100-CV

---

ROBERTA GARD, INDIVIDUALLY AND D/B/A ROBERTA L. GARD
AND ASSOCIATES, AND ANGELA NUGENT, INDIVIDUALLY, Appellants

V.

DOUGLAS RAY STRACENER ESTATE AND
MARY ANN STRACENER, Appellees

---

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 55-20

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

# OPINION

Roberta Gard, individually and d/b/a Roberta L. Gard and Associates, and Angela Nugent (collectively Appellants) appeal the trial court's denial of an equitable bill of review following a post-answer default judgment in favor of the Douglas Ray Stracener Estate and Mary Ann Stracener. Because we find no abuse of discretion in the trial court's findings that Appellants failed to meet the required bill of review elements, we affirm the trial court's judgment.

## I.     Factual and Procedural Background

On March 23, 2010, the Straceners[1] sued Appellants for improperly preparing their taxes, taking their money, and causing them to incur additional taxes, penalties, and interest. Appellants filed a timely response. The case was reset several times over the years. After a March 6, 2018, hearing in which Appellants failed to appear, the trial court entered a default judgment against them and awarded the Straceners $140,822.00 in damages and $10,000.00 in attorney fees.

On January 24, 2020, Appellants filed a petition for bill of review against Mary Ann and the Douglas Estate. Appellants claimed that they (1) had no notice of the hearing, (2) the trial court clerk had failed to mail or send a copy of the default judgment to them, and (3) they first became aware of the default judgment on January 25, 2019.

At the bill of review hearing, it was established that Thad Davidson was hired to represent Appellants on April 9, 2014, and that counsel filed a notice of appearance in the case directing that all communications meant for Appellants be mailed or faxed to his office. Shelley

---

[1]For ease of reference, we refer to the Douglas Ray Stracener Estate and Mary Ann Stracener collectively as the Straceners.

Cujko, legal assistant to the Straceners' counsel, testified that she faxed many letters to Davidson's office and attempted to obtain an agreement on a trial setting but never received a response.

Cujko also explained the procedures necessary to set a case for trial at the time. She testified, "We would have to complete a time reserve form with proposed times or dates to [Tena] Henson and then Ms. Henson would return it with an order at the bottom with the time and date that the hearing would be set for bench trial."[2] The time-reserve form, faxed by Henson on August 15, 2017, contained the fax numbers for the Straceners' counsel and Davidson and asked the parties to select either February, March, or April 2018 as a convenient time for trial. The Straceners' counsel selected March and returned the form to Henson. The evidence established that, on August 17, 2017, Henson set the case for trial March 6, 2018, at 9:00 a.m. Cujko testified that Henson faxed the time-reserve form to the Staceners' counsel and to Davidson, and a fax transaction report in the clerk's file showed that the fax sent to Davidson on August 17 was successfully transmitted.

The Straceners also introduced an August 21, 2017, letter from their counsel to Davidson notifying him that the case had been set for a bench trial on March 6, 2018, at 9:00 a.m. The evidence also showed that this letter was successfully faxed to Appellants' counsel on August 22, 2017. Even though Roberta Gard testified that she had no notice of the trial date, the trial court found that Appellants "were properly served and made an appearance" and that

---

[2]The trial court's order denying the bill of review indicated that Henson was the court coordinator at the time.

Davidson "had actual notice of the trial setting in the underlying case by notice forwarded from Straceners' counsel and the Court Coordinator."

Because Appellants did not appear at the March 6, 2018, trial, the trial court entered a default judgment. Testimony showing that the district clerk did not mail a copy of the judgment to Appellants was uncontested. Instead, according to Appellants' brief, "on 13 March 2018, Deputy Clerk Jackson of the Upshur County District Clerk's Office efiled the default judgment." Gard testified that she did not receive actual notice of the default judgment until January 31, 2019.[3] The petition for bill of review was filed almost one year later, and Appellants argue that its denial was erroneous.

## II. Standard of Review

"A bill of review is an independent equitable proceeding to set aside a judgment in a prior suit that is no longer appealable or subject to a motion for new trial." *Alvizo v. Walker*, No. 06-20-00080-CV, 2021 WL 1725954, at *4 (Tex. App.—Texarkana May 3, 2021, no pet.) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "[I]f a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party," relief by bill of review is available. *Id.* (quoting *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam)).

---

[3]Although Gard testified that she became aware of the default judgment on January 25, 2019, she clarified that she did not receive actual notice of the judgment until she obtained a certified copy of the district clerk's file on January 31, 2019.

"In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Marriage of Mobley*, 503 S.W.3d 636, 641 (Tex. App.—Texarkana 2016, pet. denied) (quoting *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.)). "The trial court abuses its discretion if it rules in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles." *Id.* (quoting *Saint*, 416 S.W.3d at 101–02). "The trial court is the fact finder at a hearing on a bill of review and has the duty of ascertaining the true facts, and it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony." *In re L.M.T.*, No. 05-19-00589-CV, 2020 WL 7053656, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.) (quoting *Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *3 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.)).

"Because it is fundamentally important that finality be accorded to judgments, bills of review are always watched by courts of equity 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Saint v. Bledsoe*, 416 S.W.3d 98, 102 (Tex. App.—Texarkana 2013, no pet.) (quoting *Ponsart v. Citicorp Vendor Fin., Inc.*, 89 S.W.3d 285, 288 (Tex. App.—Texarkana 2002, no pet.)). "A bill-of-review plaintiff must ordinarily prove '(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part.'" *Id.* (quoting *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)).

5

"[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Id.* (quoting *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Caldwell*, 154 S.W.3d at 96 ("Bill of review plaintiffs claiming non-service . . . are relieved of two elements ordinarily required to be proved in a bill of review proceeding.")). "The third bill-of-review element is lack of fault or negligence." *Id.* "This element must nevertheless be proved—namely that the judgment was rendered unmixed with any fault or negligence by the bill-of-review plaintiff." *Id.*[4]

## III. Appellants Have Not Met the Required Bill of Review Elements

Appellants argue that they are relieved from proving any of the bill of review elements because they did not receive notice of either the default judgment or the trial setting. We disagree.

Here, it is uncontested that the clerk failed to comply with Rule 306a(3) of the Texas Rules of Civil Procedure, which reads, "When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed." TEX. R. CIV. P. 306a(3). Yet, a bill of review plaintiff relying on Rule 306a(3) must still "allege . . . a meritorious defense, and that . . . failure to present such defense was not caused by any fault [or] negligence of [its] own." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 819 (Tex. App.—Corpus Christi

---

[4]The Appellants' brief cites cases related to service of process, which are irrelevant here. Although "lack of negligence is conclusively established if the bill-of-review plaintiff proves that it was never served with process," it is undisputed that Appellants were served with process and answered the lawsuit. *Saint*, 416 S.W.3d at 102 (quoting *Caldwell*, 154 S.W.3d at 96–97).

6

2005, no pet.) (citing *Farias v. Besteiro*, 453 S.W.2d 314, 319 (Tex. App.—Corpus Christi 1970, writ ref'd n.r.e.)); *see Saint*, 416 S.W.3d at 110 n.15 (citing *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974)).

Appellants also argue that they did not have notice of the March 6, 2018, trial setting. Yet, the evidence at the bill of review hearing, including faxes sent by Henson and Cujko, supported the trial court's finding that the Appellants' attorney had actual knowledge of the March 6 trial setting. "An attorney's knowledge of a trial setting is imputed to h[is] client." *In re C.P.*, No. 05-19-00044-CV, 2019 WL 2723803, at *13 (Tex. App.—Dallas July 1, 2019, no pet.) (mem. op.) (citing *In re D.W.*, 353 S.W.3d 188, 192 (Tex. App.—Texarkana 2011, pet. denied) (same)); *see Buck v. Est. of Buck*, 291 S.W.3d 46, 60 (Tex. App.—Corpus Christi 2009, no pet.) ("[N]otice to an attorney, acquired during the existence of the attorney-client relationship, is imputed to the client."). As a result, we find that Appellants were required to show a meritorious defense and lack of fault or negligence of their own.[5]

Appellants' petition for bill of review failed to contain any meritorious defense, but instead declared that one was unnecessary. Davidson also argued at the bill of review hearing that a meritorious defense was not required but, nevertheless, elicited from Gard testimony that the Straceners declared losses from a business owned by their son. Even so, the testimony did not explain the late filings and penalties and interests discussed during the March 6 hearing, in

---

[5]Appellants rely on *Mabon Ltd. v. Afri-Carib Enterprises* in support of their claim that due-process rights were violated based on lack of notice. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812–14 (Tex. 2012). We distinguished this case in detail in our opinion in *Saint*. *Saint*, 416 S.W.3d at 107–08. As explained in *Saint*, *Mabon*'s failure to impute a disbarred attorney's notice of a trial setting was based on the reasoning that "notice given to an attorney who is suspended or disbarred is not imputed to his or her client." *Id.* at 108.

which no mention of any business losses was made. As a result, the trial court found that Appellants failed to present a meritorious defense.

Even had a meritorious defense been shown, Appellants were required to show that the failure to present it was not the result of negligence on their part. "No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking relief or his counsel." *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974) (quoting *Kelly v. Wright*, 118 S.W.2d 983, 986 (Tex. 1945)); *see Alvizo*, 2021 WL 1725954, at *4.

Actual knowledge of the trial setting was imputed to Appellants. Although it is apparent that the trial setting was not communicated to them, "[a] client is bound by the acts of his or her attorney, and attorney negligence is not a sufficient ground to support a bill of review." *Saint*, 416 S.W.3d at 107; *see Transworld Fin. Servs. Corp. v. Brisco*e, 722 S.W.2d 407, 408 (Tex. 1987); *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex. App.—Corpus Christi 1983, no pet.) ("An appellant cannot excuse himself because of the negligence or oversight of his own attorney.").

Because Appellants had knowledge of the March 6 trial setting but failed to appear, we find that the trial court did not abuse its discretion in finding that Appellants did not meet the third element required to sustain a bill of review. *See Saint*, 416 S.W.3d at 108.

## IV.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:      July 1, 2021
Date Decided:        July 30, 2021