Garrett **MORRIS** et al., Appellants,

v.

O. P. **LEONARD** et al., Appellees.

No. 17128.

Court of Civil Appeals of Texas,
Fort Worth.

July 10, 1970.

Rehearing Denied Sept. 11, 1970.

W. Garrett Morris, Fort Worth, for appellants.

McGown, Godfrey, Decker, McMackin, Shipman & McClane, and Warren W. Shipman, III, Fort Worth, for appellees.

LANGDON, Justice.

This appeal is from a summary judgment in a suit brought in the nature of a bill of review to set aside a prior judgment on the grounds of "mutual mistake," newly discovered evidence, or both.

The judgment complained of was rendered against the appellants in a suit filed by the latter against the same appellees who are involved in the present case. This court affirmed the judgment of the trial court in the original suit on May 16, 1969. Morris v. Leonard, 441 S.W.2d 877 (Fort Worth Civ.App., 1969). The Texas Supreme Court refused a writ, n. r. e.

Thus the original judgment attacked by the appellants has been finalized by appeal.

The sole basis for the bill of review is that on September 9, 1969, the Statutory Receiver of the Morris Plan Insurance Company expressed opinion that "the highest realistic sales price which could be obtained for such property (Insurance Company's building), should a sale be consummated, would not exceed $200,000.00."

In their Counter-Motion for Summary Judgment the appellants allege: "That the property known as the Insurance Building has never had a value in excess of $200,-000 since 1952 when defendants first contracted to acquire it in a land swap."

The appellants argue that this post trial and post appeal new evidence of another opinion as to the value of the Insurance Building shows that there was a mutual mistake of fact on the part of all parties to the original action as to the value of such Building. It is further argued that such mutual mistake of fact adversely affects the value of the Insurance Company stock and the policies issued by it which in turn would adversely affect the financial status of the policy holders of the Company, including one of the appellants.

At this point, to avoid repetition, reference is made to the previous opinion of this Court in Morris v. Leonard, 441 S.W. 2d 877, supra, wherein the value of the same Insurance Building was involved in litigation and fluctuated from a high of about $1,000,000.00 to a low of $400,000.00. Such values were or could have been applied to the related issues of consideration, value of the Insurance Company stock, the insurance policies and the effect of such value on the policy holders.

There is a vital distinction between a mutual mistake of fact and a mutual mistake of opinion. The mere fact that all of the parties to the prior suit or their witnesses did not share the same opinion as to

the value of the Insurance Company Building as the one which was later expressed by the Insurance Department does not constitute a mistake of fact. Without doubt none of the parties to this litigation have or had any control over the Department of Insurance, the Statutory Receiver or the appraiser for either.

■ It has long been established that opinion testimony does not establish any material fact as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948); Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S. W.2d 181, 27 A.L.R.2d 965 (1951).

In McDonald Texas Civil Practice, Vol. 4, Sec. 18.27, beginning on page 1490, four elements of a petition in a bill of review are set out and fully discussed. See text and authorities cited.

■ Under the authorities, mistake, as a basis for bill of review, means a mutual error of the parties or a mistake of the complainant coupled with an act of the opposing party which brought it about. The mistake must relate to matters of fact and not opinions which were incident to the trial of the original action. The several cases cited by McDonald on mutual mistake or accident can be of no comfort to the appellants. See Notes 18–22, both inclusive, at page 1496 of same text.

The first of two issues to be resolved in a bill of review proceeding is: "Was the judgment complained of rendered as a result of fraud, accident, or mistake, without the negligence of the complainant either in the course of the former action or after judgment?" Section 18.29—F. Trial, p. 1503, Vol. 4, McDonald Texas Civil Practice.

■ Implicit in each of the elements of a bill of review is the requirement that the petitioner must show that he exercised due diligence to prevent the judgment complained of. The mere complaint of injustice without more is not enough.

■ The appellants are charged with knowledge of all facts which could have been discovered and obtained by due diligence at the time of the former trial.

We turn next to newly discovered evidence as a ground for the bill of review. There is authority to the effect that relief based upon newly discovered evidence is not available in a suit in equity to set aside a judgment after it has become final. Metropolitan Life Ins. Co. v. Pribble, 130 S.W. 2d 332 (Fort Worth Civ.App., 1939, err. ref.).

There is also authority to the effect that such an action may be based upon grounds of newly discovered evidence with certain limitations. Kelley v. Wright, 184 S.W.2d 649 (Fort Worth Civ.App., 1944, affirmed 144 Tex. 114, 188 S.W.2d 983).

The Kelley case also stands for the proposition that "A liberal application of the rules of equity demands that the same principle involved by a motion seasonably filed for new trial on grounds of newly discovered evidence, at the term of the court at which a judgment was rendered be applied to belated motions partaking of the nature of equitable bills of review."

The Supreme Court of Texas, in New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (1962), said: " 'A new trial will not be granted on the ground of newly-discovered evidence, unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; that it is not merely cumulative; that it is not for the purpose of impeachment.' Conwill v. Gulf, C. & S. F. Ry. Co., 85 Tex. 96, 19 S.W. 1017 (1892).

"See also McDonald, Texas Civil Practice, Vol. 4, Sec. 18.16; 31 Tex.Jur., Sec. 81, p. 90 et seq.; Texas Employers' Insur-

ance Ass'n v. Moser, Tex.Civ.App.), 152 S.W.2d 390."

In the case at bar the appellants failed to allege or to show that the post trial opinion on value relied upon as a basis for the bill of review was not available to them at the time of the previous trial. The information is cumulative of the evidence received in the original trial. There has been no showing that the information is of such a character as will probably change the result of the previous trial.

■ Public policy which seeks the finality of trials requires a showing of diligence on the part of the parties in preparing their cases for trial and in obtaining all evidence available to them.

"That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds on which the equity to demand a new trial must rest." 34 Tex.Jur. 2d 36, § 198.

■ Based upon the authorities above cited we have concluded that the fact that the Insurance Department, after the original trial, placed a lower value on the Insurance Building than the approved value as of the date of trial, or prior thereto does not raise a material fact issue which would afford any relief to the appellants in a bill of review action. Under the circumstances the summary judgment was proper.

Since the appellants were unsuccessful in their effort to have the original judgment set aside we can see no necessity in discussing the various propositions which might otherwise be presented in considering the elements of a new and different judgment.

All points of error are overruled and the judgment of the trial court is in all things affirmed.