

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00025-CV
_____

JANE ANN WALKER ALVIZO, Appellant

V.

ANDY WALKER, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. CV-2020-7713

Before Stevens, C.J., van Cleef and Morriss,* JJ.
Memorandum Opinion by Justice Morriss

---

*Josh R. Morriss, III, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Jane Ann Walker Alvizo and her brother, Andy Walker, had entered into an agreement hoping to resolve a lawsuit[1] between them over various tracts of real property inherited from their parents. Among the properties divided between them under the agreement, and the 2018 judgment pursuant to that agreement, was an approximately 51-acre tract awarded to Alvizo (Alvizo tract) that shared a common boundary with an approximately 21.75-acre tract awarded to Walker (Walker tract). At the time of the 2018 judgment, the parties thought that an irrigation well, irrigation equipment, and some blueberry plants were located on the Walker tract. However, a subsequent survey of the common boundary line between the two contiguous tracts in accordance with the metes and bounds description of the Walker tract contained in the 2018 judgment revealed that they were, in fact, located on the Alvizo tract. Because the time to appeal the 2018 judgment had expired, Walker filed this bill of review action in which he asked the trial court for a declaration that the tract awarded to him in the 2018 judgment included the well and irrigation equipment. After a trial on the merits, the trial court granted the bill of review and modified the 2018 judgment based on an "equitable division survey" of the common boundary so that the 21.75-acre tract would include the irrigation well, irrigation equipment, and blueberry plants.

On appeal, Alvizo complains that the trial court abused its discretion in granting the bill of review and finding (1) that Walker had exercised due diligence in pursuing his legal remedies,

[1]Walker had filed a declaratory-judgment action against Alvizo and requested the division of several tracts of real property in their joint inheritance. On September 17, 2018, the trial court entered its order and final judgment (the 2018 judgment) and divided the properties in accordance with the agreement of the parties. The parties acknowledge that the 2018 judgment was an agreed judgment.

2

(2) that Walker had a meritorious ground of appeal, (3) that the mutual mistake of the parties prevented Walker from appealing the 2018 judgment, and (4) that Walker was without negligence or fault. Because we find that the trial court did not abuse its discretion in granting the bill of review, we affirm the trial court's bill-of-review judgment.

We review for an abuse of discretion the grant or denial of a bill of review. *Gard v. Douglas Ray Stracener Estate*, 631 S.W.3d 728, 732 (Tex. App.—Texarkana 2021, no pet.). *Marriage of Mobley*, 503 S.W.3d 636, 641 (Tex. App.—Texarkana 2016, pet. denied). In our review, "every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Id.* (quoting *Marriage of Mobley*, 503 S.W.3d 636, 641 (Tex. App.—Texarkana 2016, pet. denied)). "The trial court abuses its discretion if it rules in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles." *Id.* (quoting *Mobley*, 503 S.W.3d at 641). "The trial court is the fact-finder at a hearing on a bill of review and has the duty of ascertaining the true facts, and it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony." *Id.* (quoting *In re L.M.T.*, No. 05-19-00589-CV, 2020 WL 7053656, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.)).

*Bill of Review*

"A bill of review is an independent equitable proceeding to set aside a judgment in a prior suit that is no longer appealable or subject to a motion for new trial." *Alvizo v. Walker*, 625 S.W.3d 177, 184 (Tex. App.—Texarkana 2021, no pet.) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "Relief by a bill of review 'is available only if a party has exercised due

3

diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party.'" *Id.* (quoting *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam)). "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Id.* (quoting *Wembley Inv. Co.*, 11 S.W.3d at 927).

To obtain relief by bill of review, a party who fully participated in the prior suit is generally required to show "'(1) a failure to file a motion for new trial' or to appeal the prior judgment, '(2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake,' '(3) unmixed with any fault or negligence of [its] own and (4) a meritorious ground of appeal.'" *Id.* (quoting *McDaniel v. Hale*, 893 S.W.2d 652, 663 (Tex. App.—Amarillo 1994, writ denied)). "The second element may also be satisfied by showing a mutual mistake of the parties." *Id.* (citing *Rose v. State*, 497 S.W.2d 444, 448 (Tex. 1973)). "The mistake must be the mutual mistake of the parties related to matters of fact or a mistake of the petitioner coupled with an act of the opposing party that brought it about." *Id.* (citing *Morris v. Leonard*, 457 S.W.2d 653, 655 (Tex. App.—Fort Worth 1970, writ ref'd n.r.e.)). "The unilateral mistake of the party seeking relief or its attorney will not justify relief by bill of review." *Id.* (citing *Kelly v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945)). "Regarding the third element, the petitioner is 'charged with knowledge of all facts which could have been discovered and obtained by due diligence at the time of the former trial.'" *Id.* (citing *Morris*, 457 S.W.2d at 655).

In this case, the trial court entered findings of fact that, *inter alia*, (1) Walker exercised due diligence in pursuing all adequate legal remedies against the former judgment, (2) Walker's

failure to file a motion for new trial or to timely appeal the 2018 judgment was caused by a mutual mistake as to the known, historical, and contemplated boundary of the 21.75-acre tract that the parties were to divide by agreement, (3) the parties were acting under the same misunderstanding regarding the location of the boundary line to the 21.75-acre tract and relied on the mistaken belief in their bargained-for division, and (4) Walker was not negligent or at fault in not discovering the mistake until after the time for appeal of the judgment had passed.[2]

"Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's answers to jury questions." *Monasco v. Gilmer Boating & Fishing Club*, 339 S.W.3d 828, 830 (Tex. App.—Texarkana 2011, no pet.) (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)). "In reviewing a legal sufficiency complaint of an adverse finding on which the appellant did not have the burden of proof, the appellant must demonstrate on appeal that no evidence supports the adverse finding." *Id.* (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). Such a challenge will be sustained only when the record discloses:

> (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence established conclusively the opposite of a vital fact.

*Id.* (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "If the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence, more than a scintilla of evidence exists." *Id.* (citing *Burroughs Wellcome v.*

---

[2]Although Alvizo does not challenge specific findings of fact, from her argument, we are able to determine the specific findings she asserts are not supported by the evidence. *See Airpro Mobile Air, LLC v. Prosperity Bank*, 631 S.W.3d 346, 351 n.4 (Tex. App.—Dallas 2020, pet. denied).

*Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).  In our legal sufficiency review, we "consider only the evidence and inferences that when viewed in their most favorable light, tend to support the finding.  All evidence and inferences to the contrary are disregarded."  *In re Estate of Butler*, No. 06-00-00094-CV, 2001 WL 703859, at \*2 (Tex. App.—Texarkana June 22, 2001, pet. denied) (citing *Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex. 1992)).

"When challenging the factual sufficiency of the evidence supporting an adverse finding on which the appealing party did not have the burden of proof, the appellant must demonstrate that there is insufficient evidence to support the adverse finding."  *Monasco*, 339 S.W.3d at 830 (citing *Barnett v. Coppell N. Tex. Ct., Ltd.*, 123 S.W.3d 804 (Tex. App.—Dallas 2003, pet. denied)).  "The evidence is sufficient to support the adverse finding if the evidence is such that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence."  *Id.* at 830–31 (citing *Cendant Mobility Servs. Corp. v. Falconer*, 135 S.W.3d 349, 352 (Tex. App.—Texarkana 2004, no pet.)).  "A challenge to the factual sufficiency of the evidence will be sustained if the evidence is so weak or the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."  *Id.* at 831 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

"In our review, we must credit evidence favorable to the finding if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not."  *Pettit v. Tabor*, No. 06-19-00002-CV, 2020 WL 216025, at \*8 (Tex. App.—Texarkana Jan. 15, 2020, pet. denied) (quoting *Antolik v. Antolik*, No. 06-18-00096-CV, 2019 WL 2119646, at \*3 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.)).  "In a bench trial, the trial court, as

6

the fact-finder, determines the witnesses' credibility and the weight of their testimony." *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)). "As sole arbiter of a witness' demeanor and credibility, the trial court may believe all, part, or none of a witness' testimony." *Id.* (quoting *Antolik*, 2019 WL 2119646, at *3). "We view the evidence in the light most favorable to the judgment and presume the trial court resolved all conflicts in the evidence in support of the judgment." *Id.* (quoting *Antolik*, 2019 WL 2119646, at *3).

###### A. Mutual Mistake

The central issue in this case is Alvizo's challenge to the sufficiency of the evidence supporting the trial court's findings that the parties were acting under the same misunderstanding regarding the location of the boundary line to the 21.75-acre tract and relied on the mistaken belief in their bargained-for division and that this mutual mistake caused Walker's failure to file a motion for new trial or to timely appeal the former judgment. "Mutual mistake . . . requires evidence showing both parties were acting under the same misunderstanding regarding the same material fact." *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 779 (Tex. 2017).

To understand this issue, it is necessary to delve into the family history involving the 51-acre and 21.75-acre tracts, as well as the other properties the parties inherited from their parents. In 1943, the parties' paternal grandfather, G.H. Walker, purchased a 72.45-acre tract by warranty deed (the 1943 Deed) containing a metes and bounds description of the tract. By warranty deed (the 1980 Deed), G.H. Walker and his wife, Martha, conveyed 21.75-acres, more or less, of the 72.45-acre tract to the parties' parents, Harold H. Walker and Oleta Walker, in 1980. That tract was set out in a metes and bounds description. On that tract, Harold and Oleta built their home,

7

built an irrigation well and associated equipment, and planted blueberry plants. When G.H. and Martha died in 1990, Harold inherited the remaining portion of the 72.45-acre tract, i.e., the 51-acre tract, a 29.876-acre tract, and a 107.3-acre tract, as their only surviving heir.

In 1999, Harold died and devised the 51-acre tract to Alvizo, subject to a life estate in Oleta. Harold's will provided that the 29.876-acre tract and the 107.3-acre tract be divided equally between Walker and Alvizo, subject to a life estate in Oleta, and that, on Oleta's death,[3] a 132-acre tract be divided equally between Walker and Alvizo, with "each child having access to Red River and Cottonwood Creek." Also on Oleta's death, Walker would receive the 21.75-acre tract, "including the house . . . [and] all farm equipment, tools, and junk."

In 2005, Oleta apparently retained Sanderson Surveying to provide descriptions of her property to put in a trust. In a letter to Oleta, Sanderson described the division, in part, as follows: "Walker will receive the 21.75 acre tract that contains the house, equipment and one irrigation well, . . . Alviso [sic] will receive the Northern remainder of the said 51 acre tract and one irrigation well." In response, Alvizo requested some clerical changes and told Sanderson that she was "very glad to have this issue resolved." At trial, she also acknowledged that the family plan in the division of the 72.45-acre tract was that Walker and Alvizo each would get one irrigation well.

In 2007, Oleta executed a revocable living trust and directed that, on her death, the trustee was to distribute the trust assets. Special directives made a part of the trust directed that, on distribution of the assets, "Walker [would] receive the 21.75 acre tract that contain[ed] the house,

_____

[3]Harold's probated will was a joint will with Oleta.

8

equipment and one irrigation well, . . . [and] Alvizo [would] receive the remainder of the said 51 acre tract and one irrigation well." It also provided for other tracts to be divided between Alvizo and Walker.[4]

After Oleta's death, the parties could not agree on a division of the properties, and Walker filed a declaratory judgment action to resolve their dispute. The parties entered a Rule 11 agreement regarding the division of the properties and later agreed to the 2018 judgment dividing the properties. The 2018 judgment tracked Harold's will and Oleta's special directives as to other tracts that are not in dispute.[5]

The 2018 judgment also awarded the 51-acre tract to Alvizo and the 21.75-acre tract to Walker. The 51-acre tract was described by the metes and bounds description contained in the 1943 Deed, less the 21.75 acres, more or less, conveyed to Harold and Oleta by the 1980 Deed. The 21.75-acre tract was described by the metes and bounds description contained in the 1980 Deed but made no mention of an irrigation well. It also provided that surveys were to be done on all of the properties to effectuate the divisions set forth in the judgment.

A survey of the common boundary line between the 51-acre tract and the 21.75-acre tract based on the metes and bounds descriptions contained in the 2018 judgment revealed the

---

[4]The special directives provided (1) that Alvizo would receive the northern half of a 49.665-acre tract, and Walker would receive the southern half; (2) that Alvizo would receive the northern half of the 132-acre tract, and Walker would receive the southern half; (3) that each would have a part of Cottonwood Creek; and (4) that Alvizo would receive the northern half of the 29.876-acre tract, and Walker would receive the southern half.

[5]Specifically, the 2018 judgment ordered that the 49.665-acre tract, the 29.876-acre tract, and the 132-acre tract be divided equally with Alvizo receiving the northern half and Walker the southern half of those tracts. It also provided that, if upon division of the 132-acre tract Alvizo did not have access to Cottonwood Creek, she was granted a 25-foot-wide easement across Walker's portion to the center of the creek bed. In addition, the 2018 judgment provided for Alvizo to receive the east half, and Walker the west half, of the 107.3-acre tract. A survey of this east-west division showed that both parties' properties bordered the Red River.

irrigation well that had been associated with the 21.75-acre tract, as well as the irrigation equipment and blueberry plants, were located on the 51-acre tract. When this was disclosed to Walker, he had the surveyor revise the boundary line so that the well, irrigation equipment, and blueberry plants would be included in the 21.75-acre tract. This was accomplished by routing the boundary line between the two tracts around a small portion (measuring 40 feet by 251 feet) containing the desired features, as follows:



10

Walker testified that, in the family's usage of the 51-acre tract and the 21.75-acre tract, the irrigation well, irrigation equipment, and blueberry plants had always been used as part of the 21.75-acre tract, and the family always thought the metes and bounds description of that tract included those items. He pointed out that there was an old fence line between the two tracts that was understood to be the boundary line and that the irrigation well, irrigation equipment, and blueberry plants were on the 21.75-acre-tract side of that fence line. Walker testified that, because of the historical usage, because they had discussed with their father that the two adjoining tracts would each contain one irrigation well, and because that understanding was consistent with their parents' estate plans, there was not a dispute about the location of the boundary when they reached their agreement. When he found out that the survey, based on the metes and bounds description, did not follow the old fence line, he was astounded and confused. Walker was adamant that he would not have agreed to the division as set forth in the 2018 judgment if the 21.75-acre tract did not include the irrigation well and that he would have negotiated for its inclusion, just as the water access on the other tracts was negotiated.

Alvizo requested that the trial court award her the 51-acre tract as described by the metes and bounds description in the 2018 judgment. Nevertheless, she acknowledged that the family plan in the division of the 72.45-acre tract was that both Walker and Alvizo would get one irrigation well on those adjoining tracts. She also acknowledged that the well was to go with the 21.75-acre tract and that it serviced the blueberry plants. Alvizo said that she did not know that the well was not on the 21.75-acre tract until "the very end" and that she had not thought that the well would be on her property when they made the Rule 11 agreement. Alvizo also testified that,

11

at the time of the 2018 judgment, she did not know that the well associated with the 21.75-acre tract was not going to be on that side of the boundary. In addition, Alvizo acknowledged that adding an easement to give her access to Cottonwood Creek in the division of the 132-acre tract was discussed and agreed to because their parents had expressed the desire in their estate documents that both of them have access to the creek. She also acknowledged that the division of the 107.3-acre tract that gave both Alvizo and Walker access to the Red River was agreed on based on their parents' wills.

To be entitled to a bill of review, Walker had to show (1) that there was a mutual mistake that caused him to fail to file a motion for new trial or to appeal the 2018 judgment and (2) that he had a meritorious ground for appeal.[6] As to mutual mistake, the issue in this case is whether sufficient evidence supports the trial court's findings that the parties were acting under the same misunderstanding regarding the location of the boundary line to the 21.75-acre tract, that the parties relied on the mistaken belief in their bargained-for division and that this mutual mistake caused Walker's failure to file a motion for new trial or to timely appeal the 2018 judgment.

Viewed in the light most favorable to the trial court's judgment, the evidence in this case showed that the parties reached an agreement dividing the properties they inherited from their

---

[6]Alvizo also challenges the trial court's implied finding that Walker had a meritorious ground for appeal. However, an agreed judgment may be reformed on appeal for mutual mistake. *Pearson v. Stewart*, 314 S.W.3d 242, 246 (Tex. App.—Fort Worth 2010, no pet.) (citing *Hawkins v. Howard*, 97 S.W.3d 676, 679 (Tex. App.—Dallas 2003, no pet.)). Consequently, if the evidence was sufficient to support the trial court's finding of mutual mistake, it also supported the implied finding of a meritorious ground for appeal. In her brief on this issue, Alvizo does not address whether mutual mistake is a meritorious ground for appeal of an agreed judgment. Rather, she argues that, because the 2018 judgment contained metes and bounds descriptions of the tracts, Walker could not challenge them based on an erroneous assumption. However, the cases cited by Alvizo in support of her argument concern whether the metes and bounds description in a deed controls over a general description. *See Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17 (Tex. 2015); *S. Pine Lumber Co. v. Hart*, 340 S.W.2d 775 (Tex. 1960); *Cullers v. Platt*, 16 S.W. 1003 (Tex. 1891). Those cases are inapposite to the issue of whether an agreed judgment may be reformed on appeal for mutual mistake. We overrule this issue.

parents in a manner that was consistent with the expressed desires of their parents, which was incorporated into the 2018 judgment. Regarding the 21.75-acre tract, those expressed desires were that it would include the irrigation well that had historically been associated with that tract. Both parties testified that the well had always been used to service the blueberry plants that had also been associated with that tract. Further, neither party knew that the metes and bounds description of the 21.75-acre tract used in the 2018 judgment did not include the irrigation well, irrigation equipment, and blueberry plants until the tract was surveyed after the judgment became final.

Based on this evidence, the trial court could reasonably infer that, when the parties agreed to the division of properties as set forth in the 2018 judgment, they both intended that Walker would receive the irrigation well, irrigation equipment, and blueberry plants with the 21.75-acre tract and that they both believed that the metes and bounds description of that tract would include the irrigation well, irrigation equipment, and blueberry plants within its boundaries. For that reason, we find that the evidence was legally and factually sufficient to support the trial court's findings that Walker and Alvizo were acting under the same misunderstanding regarding the location of the boundary line to the 21.75-acre tract, that they relied on the mistaken belief in their division of the property, and that this mutual mistake caused Walker's failure to file a motion for new trial or to timely appeal the 2018 judgment. We overrule this issue.

B. *Due Diligence*

Alvizo also challenges the factual sufficiency of the evidence supporting the trial court's finding that Walker exercised due diligence in pursuing his legal remedies. She argues that there

13

was a survey of the 21.75-acre tract performed on January 3, 2018, from which Walker should have been on notice that the metes and bounds description of the tract did not include the irrigation well, the irrigation equipment, and the blueberry plants. Alvizo maintains that such survey was performed eight months before the parties entered into the Rule 11 agreement and the 2018 judgment, yet, neither of those agreements addressed the well, the irrigation equipment, or the blueberry plants.

However, the only survey of the 21.75-acre tract introduced at trial was a revised survey by Underwood Drafting and Surveying dated March 15, 2019, that all parties agreed included the well, irrigation equipment, and blueberry plants.[7] Because the alleged January 3, 2018, survey was not in evidence, its contents and what it would have shown is mere speculation. Further, even assuming such a survey would have shown that the 21.75-acre tract did not include the well, irrigation equipment, and blueberry plants, there was no testimony that showed that Walker had seen the survey, or that it was even available to him, before the parties assented to the Rule 11 Agreement and the 2018 judgment.

That said, the evidence showed that both the Rule 11 agreement and the 2018 judgment required a new survey of the 21.75-acre tract. Walker testified that he first contacted a surveyor to survey the tract after the trial court ordered it done and after the 2018 judgment became final. He explained that he had not done it sooner because he could not afford it and that it would not

---

[7]To support her argument that an initial survey was performed on January 3, 2018, Alvizo points to a copy of a survey attached to Walker's original bill of review. However, "[p]leadings and attachments to pleadings are not evidence, unless they are offered and admitted into evidence." *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, No. 06-16-00029-CV, 2016 WL 7912458, at *6 (Tex. App.—Texarkana Sept. 28, 2016, no pet.) (mem. op.) (citing *Tex. Dep't of Pub. Safety v. Sowell*, No. 11-10-00018-CV, 2011 WL 3359716, at *1 (Tex. App.—Eastland Aug. 4, 2011, no pet.) (mem. op.). The copy of the revised survey admitted at trial shows only the date of the revised survey.

14

have been prudent to do so without a final agreement with Alvizo. Testimony also showed that, even if Walker had ordered a survey of the 21.75-acre tract when the 2018 judgment was entered, it would not have been completed before the deadline to file a motion for new trial or an appeal had passed. Also, although Walker acknowledged that an original survey based on the metes and bounds description of the 21.75-acre tract did not include the irrigation well, irrigation equipment, and blueberry plants, it appears from his testimony that that survey was performed after the 2018 judgment had become final.

Finally, the evidence showed that the parties reached an agreement in the division of the properties inherited by their parents that followed the expressed desires of their parents and that they both believed that the metes and bounds description of the 21.75-acre tract encompassed the irrigation well, irrigation equipment, and the blueberry plants because of the long-time use of the tract, the old fence line, and the association of those improvements with that tract. Consequently, there was little reason for Walker to obtain a survey before the trial court entered the 2018 judgment based on their agreement. By the time the survey based on the metes and bounds description was completed and their mistake was discovered, the time to file an appeal had passed, and Walker had no adequate legal remedy available. Thus, this is not a case in which "legal remedies were available but ignored." *Wembley Inv. Co.*, 11 S.W.3d at 927.

Based on this record, we find that the evidence was legally and factually sufficient to support the trial court's finding that Walker exercised due diligence in pursuing all adequate legal remedies against the former judgment. We overrule this issue.

15

*C.     Negligence*

Next, Alvizo challenges the sufficiency of the evidence supporting the trial court's finding that Walker was not negligent or at fault in not discovering the mistake until after the time for appeal of the judgment had passed. To obtain a bill of review, Walker had "the burden of showing that [his] failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of defendant or its counsel." *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974). Alvizo's argument regarding sufficiency of the evidence incorporates her argument regarding due diligence. For the reasons previously stated, we find that the evidence was legally and factually sufficient to support the trial court's finding that Walker was not negligent or at fault in not discovering the mistake until after the time for appeal of the judgment had passed.[8] We overrule this issue.

Because sufficient evidence supported the challenged findings, we find that the trial court did not abuse its discretion in granting the bill of review. For that reason, we affirm the trial court's judgment.

Josh R. Morriss, III
Justice

Date Submitted:        December 1, 2022
Date Decided:          January 5, 2023

---

[8]Alvizo also asserts that Walker contributed fault or negligence because he consented to the Rule 11 agreement and 2018 judgment. However, Alvizo fails to explain how Walker's failure to file a motion for new trial or appeal was due to such consent. Alvizo also appears to assert that, because Walker was mistaken regarding the boundary of the 21.75-acre tract, this will not support a bill of review. While we agree that a unilateral mistake of a party or its attorney will not support a bill of review, in this case, the trial court found that there was a mutual mistake of the parties, which will support a bill of review. *Walker*, 625 S.W.3d at 184.

16