KORK KELLY ET UX V. RUTH A. WRIGHT ET AL.

No. A-472. Decided May 9, 1945.
Rehearing overruled July 21, 1945.
(188 S. W. 2d Series, 983.) .

*Crane & Crane* and *M. M. Crane, Jr.,* of Dallas, for petitioners.

It was error for the Court of Civil Appeals to hold that the exceptions (set forth in the opinion) were sufficient as special exceptions under Rules 90 and 91, T.R.C.P.; and in holding that the bill of review failed to show any grounds for eqiqtable relief; and that a trust did not result in favor of petitioners under

the facts set forth in said bill of review. Traders & Gen. Ins. Co. v. Yarbrough 181 S. W. (2d) 305; Wylde v. Capps, 65 S. W. 648; Mueller v. Sutherland 179 S. W. (2d) 801. 33 Tex. Jur. 560.

*Simon & Zimmerman,* of Fort Worth, for respondents.

A court of equity will not grant a new trial where the failure to have a full and fair presentation of his case has been the result of negligence or mistake of his counsel. Fidelity Trust Co. of Houston v. Highland Farms Corp., 109 S. W. (2d) 1014; Crough v. McGraw, 134 Texas 633, 138 S. W. (2d) 94; Brownson v. Reynolds, 77 Texas 254.

MR. JUDGE FOLEY of the Commission of Appeals delivered the opinion for the Court.

On the original submission of this cause we affirmed the judgment of the court of civil appeals which in turn affirmed that of the trial court. The cause is now before us upon motion for rehearing. In disposing of such motion, although adhering to our former judgment, we desire to rewrite the former opinion, and we order the following substituted therefor.

This suit was filed in the district court of Wichita county by the petitioners, Kork Kelly and wife, Alliene Kelly, against respondents, Ruth E. Wright and the sheriff of Wichita county, in the nature of a bill of review to set aside a final judgment in Cause No. 36927-B in the same court and to enjoin the sheriff from executing a writ of possession ejecting petitioners from the possession of Lot 4, Block 17, of the Southland addition to the City of Wichita Falls, which property had been recovered by respondent, Ruth E. Wright, in such former action. The trial court, in the instant case, sustained several exceptions to the petition of the Kellys, and upon their refusal to amend dismissed the suit. The court of civil appeals affirmed the judgment of the trial court. 184 S. W. (2d) 649.

A single question of law is presented, and that is, whether the trial court committed reversible error in sustaining the exceptions to petitioners' trial petition, which resulted in dismissal of the suit.

From such petition it appears that the Kellys acquired title to the property in 1924; that the North Texas Building & Loan Association held a lien against it and foreclosed in 1932 and bought it in at trustee's sale; that thereafter the loan company

permitted petitioners to continue to occupy the premises under an agreement that they might have a reasonable time in which to redeem the property; that at that time Kork Kelly, H. E. Clark and Rees Allen were associated together in business and that Clark and Allen agreed to assist the Kellys in refinancing the loan on the property by advancing the necessary money therefor; that Clark thereupon advanced the full amount of money needed, which was $1,245.00, and advised the loan company to withhold the making of the deed until he might see Allen, after which he would advise the loan company how the deed should be drawn so that Allen and Clark might be secured in the repayment of the money advanced by them; and that Clark carriel on his books the amount advanced as a charge against petitioners until his death in 1934, since which time his administrators had continued to carry the same and demanded payment therefor.

Petitioners further alleged that thereafter on January 17, 1933, the loan company, without the knowledge or consent of petitioners, executed a deed of conveyance of the property to the respondent, Mrs. Wright; that in 1938 Mrs. Wright filed suit against petitioners in trespass to try title in Cause No. 32497-B for title and possession of the property; that such suit was dismissed for want of prosecution but was later reinstated by bill of review in Cause No. 36927-B, wherein on June 15, 1943, judgment was entered against petitioners in favor of Mrs. Wright for title and possession of the property; that Mrs. Wright received no title to the property under such deed for the reason that she accepted the same as trustee for petitioners, or at most as security for the payment of their indebtedness to H. E. Clark resulting from his advancing them the money with which to redeem the property; that this fact was well known to Mrs. Wright and her attorneys and that such evidence was deliberately withheld from the court for the fraudulent purpose of making it appear that the absolute title has vested in Mrs. Wright; that prior to the rendition of the judgment in Cause 36927-B petitioners had employed an attorney to represent them at the trial and had delivered to him a quantity of papers, records and cancelled checks pertaining to their defense, which they intended to use as evidence in the trial; that such attorney was called into the army, but before he left he delivered the file to another attorney who advised petitioners three days before the trial that the documentary evidence sustaining their defense had been lost; that although diligent search was made for the papers they could not be found prior to the trial; and that after their motion for new trial had been overruled in such cause they found the lost documents which constituted newly discovered

evidence which would have produced a different result in the trial and which could not have been obtained by the utmost diligence until after petitioners' right of appeal had expired.

The opinion of the court of civil appeals states that petitioners attempted to appeal from the former judgment, but for failure to timely perfect their appeal the same was dismissed by that court in an unpublished opinion. Although the present record does not support this statement it is a matter of which the court of civil appeals may take judicial knowledge.

In her answer in the instant suit Mrs. Wright presented exceptions of a general nature addressed to the merits of the petition of the Kellys, which, as material here, were as follows:

"1. This defendant excepts specially to plaintiffs' petition and says that the same shows no cause of action against her; the said petition seeks relief through the equitable jurisdiction of this court, but fails to show any grounds for equitable relief, either in the main plea or the alternative plea.

"2. The plaintiff specially excepts to paragraph III for reason that the allegations therein fail to show any grounds for relief, and are irrelevant, immaterial, redundant and argumentative. Defendant specially excepts to Paragraph V. The allegations therein are irrelevant, immaterial and form no basis of a cause of action."

The petitioners filed no motion or supplemental pleadings challenging the exceptions of Mrs. Wright as being too general, nor does the record otherwise indicate that their sufficiency was in any manner questioned in the trial court. The judgment simply recites that the parties appeared by their attorneys for a hearing on the exceptions and after argument of counsel the court was of the opinion the exceptions should be sustained. After ordering them sustained the judgment further recites that petitioners refused to amend their pleadings, but elected "to abide by their said pleadings," whereupon the court ordered the suit dismissed.

In the court of civil appeals petitioners for the first time attacked the sufficiency of the above exceptions, asserting that the trial court erred in sustaining them because they were merely general demurrers which are prohibited by Rules 90 and 91, T.R.C.P. The court of civil appeals overruled the assignment, held the exceptions were sufficient, and affirmed the

judgment of the trial court upon the ground that petitioners had failed to allege a cause of action.

■ We cannot agree with the court of civil appeals that the exceptions were such as not to fall within the condemnation of the above mentioned rules. Rule 90 provides that general demurrers shall not be used, and that every defect, omission, or fault in a pleading which is not specifically pointed out by a motion or exception in writing and brought to the attention of the trial judge before the instruction or charge to the jury or, in a nonjury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account. Rule 91 provides that a special exception shall not only point out the particular pleading excepted to, but shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegation in the pleading excepted to.

The exceptions in question merely asserts that the petition failed to show any grounds for equitable relief or state a cause of action. They do not point out intelligibly and with particularity the reasons for such conclusions. Therefore, the trial court erred in sustaining them. However, under the peculiar circumstances of this case we think the error is harmless and that the proper judgment was entered by the trial court. Rule 434, T.R.C.P.

The verified pleadings of petitioners show that they are predicting their cause of action upon only two equitable grounds for the bill of review. It was upon these two theories alone that they based their suit. No other basis of recovery was even intimated in the courts below nor do petitioners now contend that any other exists. It thus may be fairly presumed that the two grounds pleaded are the only ones that may be pleaded. At least we shall so assume in the absence of a showing to the contrary.

■ One of the two equitable grounds for the bill of review is that respondent in the prior suit knew she held the land in question only as trustee for petitioners; that she knew she had no title to the land; and that she deliberately and fraudulently withheld such information from the court in the former trial. It is at least a novel contention that one who fails to furnish his adversary with proof of a fact he is disputing in a law suit, is guilty of actionable fraud. Even perjury itself is ordinarily not sufficient for setting aside a former judgment. Yount-Lee Oil Co. v. Federal Crude Oil Co., 92 S. W. (2d) 493; Elder v.

Bryd-Frost, Inc., 110 S. W. (2d) 172; Freeman on Judgments, (5th Ed.) Vol. 3, Sec. 1241. This ground therefore furnishes no basis for a recovery.

■ The other ground relied upon by petitioners was that they lost their suit in the former action because they did not then have the necessary evidence to establish their claim. The failure to have such proof was because their counsel had lost or mislaid their documentary evidence. No attempt was alleged to have been made to postpone the trial in order that they might secure the lost evidence. If they made no such attempt they were guilty of negligence. If they did and the court erroneously refused to postpone the trial, they should have corrected the error by appeal, which they negligently failed to do. Moreover, their allegations affirmatively show that they then knew all of the facts which could have been proved by the lost documents, yet they do not allege that they offered secondary evidence of such facts, nor of the contents of the lost documents. If they should now be allowed to amend their pleadings to show whether or not they offered the secondary evidence they would be in no better position. If they did not offer it, their failure to do so would constitute negligence as a matter of law. If they offered it and the court erroneously refused to admit it, that error should also have been corrected by appeal.

These facts leave petitioners with no standing in a court of equity to set aside a former judgment by a bill of review. No rule is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel. Brownson v. Reynolds, 77 Texas 254, 13 S. W. 986; Johnson v. Templeton, 60 Texas 238; Smith v. Ferrell, Tex. Com. App., 44 S. W. (2d) 962; Harding v. W. L. Pearson & Co., Tex. Com. App., 48 S. W. (2d) 964; Reynolds v. Volunteer State Life Ins., 80 S. W. (2d) 1087, writ refused; Brannen v. City of Houston, 153 S. W. (2d) 676, writ refused.

It therefore affirmatively appears from the sworn pleadings of petitioners that they cannot in good faith allege a cause of action based upon the two grounds of recovery asserted therein. Consequently, in the absence of any other theory of recovery it would be a futile and useless procedure to reverse the judgment of the trial court for the error committed. United Production Corporation v. Hughes, 137 Texas 21, 152 S. W. (2d) 327; Appel v. La Velle, 293 S. W. 244; Scott v. Walker, 141

Texas 181, 170 S. W. (2d) 718; National Life Co. v. McKelvey, 131 Texas 81, 113 S. W. (2d) 160; Texas Employers Ins. Ass'n. v. Brandon, 126 Texas 636, 89 S. W. (2d) 982.

We are of the opinion we entered a correct judgment on the original submission of this cause and the same shall not be disturbed. It is ordered that petitioners' motion for rehearing be overruled.

Opinion adopted by the Supreme Court July 21, 1945.