### McDANIEL et al. v. PIERCE et al.
### No. 4857.

Court of Civil Appeals of Texas. Beaumont.
April 9, 1953.

Rehearing Denied May 6, 1953.

James E. Faulkner, Coldspring, for appellants.

Fred Whitaker, Carthage, for appellees.

PER CURIAM.

This is an appeal from a judgment of the District Court of Shelby County, denying the appellants any relief sued for in a bill of review.

Appellees Lavenia English Pierce and husband, H. C. Pierce, Bailey English, Alford B. (Jack) McFaddin, Grace McFaddin Teddlie and husband Lester W. Teddlie brought suit in the District Court of Shelby County against the appellants Lena McFaddin McDaniel and husband, Calvin McDaniel, Gerdie McFaddin, and also against Doss McFaddin and Dee McFaddin. The suit was in trespass to try title for two tracts of land, one of 40 acres and the other of 38½ acres in Shelby County. The original petition and the first amended petition both contained alternative pleas for a partition of the land sued for. The appellants filed an answer by their counsel James E. Faulkner, a resident of Cold Springs in San Jacinto County. The other two parties sued, and not represented by Faulkner as counsel, filed no answer and an interlocutory judgment by default was rendered and entered against those two defendants, Doss McFaddin and Dee McFad-din. This was done on July 20, 1950, at the July, 1950, term of court. On July 5, 1950, James E. Faulkner, counsel for the appellants, wrote to the clerk of the District Court of Shelby County a letter containing a stamped and self addressed envelope asking him to "kindly advise of any setting upon this case, and is there a jury fee put up and a jury demanded in this cause." The letter contained a reference to this case by style and number on the trial court docket. The clerk answered the letter by writing a note on the bottom of the letter and returning it to Mr. Faulkner. The notation from the clerk was "that all of the contested cases have been continued for July term of court." The next term of court was in November, 1950. On the opening day of that term counsel for the appellees had the case set for trial November 13, 1950 and on that day the case was tried and judgment entered in favor of the appellees and against the appellants, and the interlocutory judgment theretofore rendered against Doss McFaddin and Dee McFaddin was made final. Thereafter the appellants by their said counsel filed a bill of review to set aside the judgment rendered against them November 13, 1950. The transcript does not reflect the date of filing this bill of review. However, the bill of review contained an allegation that the appellants were advised by letter dated May 7, 1951 that judgment had been rendered against them. The bill must have been filed after May 7, 1951. Trial was had on the bill of review before the court without a jury beginning April 21, 1952, and judgment was rendered April 26, 1952 that the appellants take nothing by their suit. The appellants gave notice of appeal and have duly perfected their appeal.

The appellants alleged that they had a meritorious defense to the suit; alleged that the attorney for the appellants was a non-resident of Center in Shelby County and had written to the clerk of the District Court of Shelby County requesting to be advised of any setting of the case and that the clerk had never advised him of any setting and that neither the appellants nor

their attorney had known of such setting until advised in May, 1951 that judgment had been taken.

Upon the trial of the bill of review proof was made that appellants had employed Mr. Faulkner to represent them; that none of the appellants were advised of the November, 1950 setting and trial of the case; that all parties were related to each other and that the appellants by inheritance owned some interest in the land in question. The letter from Mr. Faulkner to the clerk of the court with the clerk's reply thereon was introduced in evidence. There was also introduced in evidence a partition deed between other persons and Hannah McFaddin, mother of Mrs. Lena McFaddin McDaniel and some other parties to the suit. There was no evidence that Mr. Faulkner wrote any other letter to the clerk of the court than the one mentioned above. We have read the briefs of the parties and the statement of facts and have concluded that the trial court did not abuse his discretion in rendering judgment denying the appellants any relief under their bill of review. We believe that the appellants have failed to show any facts which would excuse their counsel for not appearing for trial and presenting their defense at the November, 1950 term to which the case had been continued in the July term. The clerk of the court was under no further obligation under Rule 246, Texas Rules of Civil Procedure, to advise their counsel of further developments in the setting of the case after he answered counsel's letter dated July 5, 1950, advising him that all contested cases had been continued for the July term. It is well settled that a court of equity will not set aside a final judgment when a party's failure to have full and fair presentation of his case resulted from the negligence, inadvertence or mistake of either the party himself or his counsel. Kelly, et ux. v. Wright, Tex. Sup., 188 S.W.2d 983 and cases cited.

The other matters presented by the appellants in their brief are assigned by them as fundamental error. We find it impossible to set out all of the matters complained of by the appellants under these points. It is sufficient to say that we do not find in them any propositions of law of such great interest to the public welfare as would require this court to consider them and pass upon them as matters of fundamental error. They present no error requiring a reversal of the judgment.

The judgment of the trial court is affirmed.