**H. G. FLETCHER, Appellant,**

**v.**

**SECURITY INSURANCE CO. OF NEW HAVEN, Appellee.**

**No. 16466.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 19, 1965.

James H. Martin, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., and R. Keith Drummond, Dallas, for appellee.

BATEMAN, Justice.

The appellant H. G. Fletcher sought by bill of review to set aside a judgment rendered against him on October 9, 1962 in Cause No. 60,143–D, Security Insurance Company of New Haven vs. H. G. Fletcher, wherein the appellee Security Insurance Company of New Haven had sued

him for certain past due insurance premiums. The defense asserted in that action, as well as in this bill of review, was that appellant had paid the premiums to appellee by paying same to its agent, Vida B. Keith.

Appellant's "petition for bill of review" asserts that appellee fraudulently denied that Vida B. Keith was its agent and fraudulently withheld from appellant information it possessed as to her whereabouts, thus making it impossible for him to use her as a witness; that this amounted to such extrinsic fraud as entitled him to the equitable relief of having the judgment set aside. Both parties moved for summary judgment and the court overruled that of appellant and granted that of appellee. Our review of the record indicates that this judgment should be affirmed.

■ To be entitled to the relief he sought, it was incumbent on appellant to allege and prove: (1) a meritorious defense to the original suit, (2) which he was prevented from making by the extrinsic fraud, accident or wrongful conduct of the insurance company, (3) unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Crouch v. McGaw, 134 Tex. 633, 138 S.W. 2d 94.

Appellee attached to its motion for summary judgment a transcript of all the proceedings in Cause No. 60,143–D. There is nothing on the face thereof to show any irregularity in the disposition of that suit. The company sued Fletcher for the debt; Fletcher pled payment "to the plaintiff's agent"; and at the end of a nonjury trial the court rendered judgment for the company. Fletcher filed a motion to set aside the judgment, one of the grounds thereof being newly discovered evidence, but this motion did not disclose what the newly discovered evidence was and does not appear to have been presented to or passed on by the court. Appellee's motion demonstrated the absence of any genuine issue as to any material fact, and it became incumbent on appellant to show, if he could, that such an issue existed.

Appellant's proof, consisting of the deposition of Mrs. Vida B. Keith Koepcke and several affidavits, disclosed that Mrs. Koepcke (formerly Vida B. Keith) had been his insurance agent for about twenty-five years; that he called on her for a workmen's compensation policy; that she, not being a licensed agent of appellee, nevertheless tendered the business to appellee, which issued the policy through the Regis Insurance Agency, and it was turned over to Mrs. Keith, who delivered it to appellant; that appellant paid the premium to Mrs. Keith; that during the trial of Cause No. 60,143–D, when "it became obvious" to appellant's attorney [1] that the company was denying that Mrs. Keith was its agent, he orally asked the judge "for some time to locate Mrs. Keith for the purpose of ascertaining her connection with Security Insurance Company," which request was denied. Appellant did not except to that ruling. No formal application for continuance was made. Appellant's wife made affidavit that during the trial of Cause No. 60, 143–D her husband told her it would be necessary to locate Mrs. Keith, that she immediately began a search for her which continued for several weeks after the trial, but without success until a man called her over telephone, told her he was or had been "with" Security Insurance Company of New Haven, would not give his name, but gave her information by which Mrs. Keith (who had married a Mr. Koepcke) was located in Goldthwaite, Texas. Mrs. Koepcke testified by deposition that the premium was paid by appellant to her and by her to Regis Insurance Agency; that after she became Mrs. Koepcke she moved to Denver, Colorado, thence to Goldthwaite; that appellee could have known

1. In fairness we should mention that the able attorney of record for appellant in this court did not participate in the trial of Cause No. 60,143–D.

where she was in May, 1961 and when it took the judgment in September, 1962 and could have so informed the court; that she had relatives and many friends living in Dallas and that appellant could also have found her "if he had just remembered all of the people's names."

■ This showing was insufficient, in our opinion, to meet the test enunciated in Alexander v. Hagedorn, supra. Assuming for the moment, but without deciding, that the evidence raised a fact issue as to whether a meritorious defense existed, there was no evidence of extrinsic fraud on the part of appellee. Even if it had been established that appellee knew that the premium had been paid to its authorized agent and deliberately concealed this knowledge from appellant, by perjury or otherwise, this at most would have been intrinsic fraud and no proper ground for setting aside the judgment. As said in Garcia v. Ramos, Tex. Civ.App., 208 S.W.2d 111, 112:

"Failure of an opposite party to furnish evidence to present defendant's defense, or even concealing such defense by committing perjury at the trial, can not be grounds for setting aside a final judgment. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983."

The Supreme Court refused the writ of error in that case and cited it in Alexander v. Hagedorn, supra, as having its unqualified approval.

Appellant's contention that appellee was guilty of extrinsic fraud in not informing him that Mrs. Keith had remarried and where she was then residing must likewise be overruled. There is no evidence that appellant sought this information from appellee, and appellee was under no duty to volunteer it, even if the proof had shown that it possessed the same. Kelly v. Wright, Tex.Civ.App., 184 S.W.2d 649, affirmed 144 Tex. 114, 188 S.W.2d 983. As said in De Garcia v. San Antonio & A. P.

Ry. Co., Tex.Civ.App., 90 S.W. 670, 671, no wr. hist.:

"In no event can a party to a lawsuit be expected to go into the camp of his adversary and assist him in making out a case against himself."

Being under no duty to supply appellant with information not even asked for, appellee cannot be said to have defrauded him by not supplying it.

■ Moreover, appellant failed to show that he was free from fault or negligence in the matter. He is bound to have known that appellee would not admit, but would in fact deny, that Mrs. Keith was its agent. The trial began on September 13, 1962, but on February 1, 1962 appellant was served with a request for admissions which indicated clearly that appellee was taking the position that the premium in question had not been paid to it or to any of its agents authorized, or even apparently authorized, to accept payment. Appellant thus had more than six months in which to prepare to meet this important issue; yet he waited until the trial started before attempting to locate this key witness, Mrs. Keith. And even then he did not ask appellee for any help in doing so; neither did he file a motion to withdraw his announcement of ready or a written application for continuance—all he did was to request additional time orally, and he did not even except to the court's refusal thereof. He did not have a subpoena issued for Mrs. Keith at any time, and he addressed no request for admissions to appellee in an effort to establish that Mrs. Keith was its agent. As stated above, he did file a motion to set aside the judgment alleging newly discovered evidence, but the record before us fails to reveal that he ever presented this to the court or even tried to obtain a ruling on it. He did not appeal. In the light of all these facts and circumstances, appellant cannot be said to have been free of fault or negligence, or lack of diligence, in making available the testimony of this witness. For this additional reason we hold that appel-

lee's motion for summary judgment was properly sustained. Smith v. Ferrell, Tex. Com.App., 44 S.W.2d 962; American Red Cross v. Longley, Tex.Civ.App., 165 S.W.2d 233, wr. ref. w. m.

The judgment appealed from is

Affirmed.