

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00027-CV

———————————————

IN THE INTEREST OF D.B. AND G.B., CHILDREN

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV20-00209

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

This is an appeal from the trial court's order dismissing the petitions for bill of review—and all pending motions—filed by Appellant D.B. (Mother) after finding that she was a vexatious litigant and that she had failed to timely furnish required security. In seven issues, Mother argues that the trial court erred by (1) not vacating the case because it had no jurisdiction; (2) not considering that her First Amendment rights to freely exercise her faith as a Christian were violated when her children were removed by the Texas Department of Family and Protective Services (TDFPS); (3) not vacating the order in violation of the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901; (4) not voiding the case due to the fraud perpetrated on the court; (5) denying Mother a right to counsel during a hearing; (6) ruling that Mother was a vexatious litigant, thereby violating her constitutional rights of due process and wrongfully ignoring her filings, when Texas courts have found that the vexatious litigant statute does not apply to post-judgment proceedings; and (7) declining to follow the administrative judge's order requesting that a sitting judge hear the case. Because Mother failed to meet her burden as a bill-of-review petitioner and because the trial court did not abuse its discretion in finding Mother to be a vexatious litigant and requiring security, we affirm the trial court's judgment.

### I. Background

On December 20, 2017, the trial court entered an order terminating Mother's parental rights to her children under Section 161.001(b) of the Family Code. Mother

appealed the termination order to this court, and we affirmed the trial court's judgment.[1] Proceeding pro se,[2] Mother then filed several amended petitions for review and motions for rehearing in this court and in the Texas Supreme Court, as well as a writ of certiorari in the United States Supreme Court—all of which were denied.

On May 14, 2020, Mother, proceeding pro se, filed a petition for bill of review in the trial court, followed by two more petitions for bill of review.[3] Between September 2020 and September 2021, Mother filed several motions:[4]

- [Unopposed] Emergency Motion for Appointment of Attorney for Termination of Parental Rights Case: Bill of Review;

- [Unopposed] Emergency Motion for Appointment of Attorney for Termination of Parental Rights Case: Bill of Review;

- Plaintiff's Motion to Assign a Judge;

- Motion to Change Venue or Dismiss Case of SAPCR;

- [Unopposed] Emergency Motion for Appointment of Attorney for Termination of Parental Rights Case: Bill of Review;

- [Unopposed] Emergency Motion for Recusal of Judge for Termination of Parental Rights Case: Bill of Review: Referral to Administrative Judge;

---

[1]*See In re D.B.*, No. 02-18-00015-CV, 2018 WL 2324689, at *18 (Tex. App.—Fort Worth May 22, 2018, pet. denied) (per curiam) (mem. op.).

[2]Mother's counsel had filed an *Anders* petition for review on June 26, 2018.

[3]Based on our review of the record, the two additional petitions appear to be duplicates, not amended petitions.

[4]Mother's motions appear here exactly as titled in the record.

- Mother's Motion for Return of Custody and for Dismissal of Proceedings;[5]

- Motion to Compel Birth Certificates Regarding ICWA Violations;

- Motion to Transfer Jurisdiction and Dismiss Case;

- [Unopposed] Emergency Motion for Extension of Time to File the Witness List, Responses to Motions, the Evidence, and the Santions Against the Attorneys;

- [Unopposed] Emergency Motion for the Santions Against the Attorneys;

- Motion to Appoint Attorney Ad Litem to Adivise Judge;

- Motion to Change Venue; and

- [Unopposed] Emergency Motion for Appointment of Attorney for Termination of Parental Rights Case: Bill of Review.

In response to Mother's petitions for bill of review, Appellee TDFPS filed a motion to dismiss for want of jurisdiction on June 3, 2021, and a motion for an order declaring Mother a vexatious litigant and requiring security on August 3, 2021. After conducting a hearing on September 16, 2021, the trial court found Mother to be a vexatious litigant and signed orders (1) requiring Mother to furnish security in the amount of $10,000 by November 1, 2021, to proceed with litigation on her pro se motions and (2) prohibiting Mother from filing any new litigation without obtaining

---

[5]An attorney filed this motion on Mother's behalf. On October 25, 2021, the attorney filed a motion for withdrawal of counsel, which was granted on November 17, 2021. Mother proceeded with the hearing on this motion pro se.

4

permission from the local administrative judge.[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (vexatious litigant statute). At that time, the trial court did not rule on Mother's various pleadings and motions or on TDFPS's motion to dismiss.

On November 1, 2021, Mother filed a motion requesting additional time to furnish her security bond, which the trial court granted. On November 11, 2021, Mother filed a second motion requesting additional time to furnish the bond, but because the trial court had already granted Mother one extension, it denied her second request. Based on the record, Mother never furnished the required security bond.

On December 1, 2021, the trial court heard Mother's motion for return of custody and for dismissal of proceedings in which she argued that she had not been afforded rights under the ICWA[7] and that the trial court should (1) order the children be returned and (2) order the December 20, 2017 order of termination be vacated. Based on the evidence, the trial court concluded that a "higher court than [it] ha[d]

---

[6]Mother filed a writ of mandamus challenging the order in this court, and we denied her requested relief. *See In re D.B.*, No. 02-21-00401-CV, 2021 WL 5742233, at *1 (Tex. App.—Fort Worth Dec. 2, 2021, orig. proceeding) (per curiam) (mem. op).

[7]Mother claimed that the children's father is Native American and that their grandmother is "like 80-percent Cherokee." An April 20, 2018 letter from the Cherokee Nation indicated that the children are not "Indian children" or children in relation to the Cherokee Nation as defined by the ICWA.

already made a determination about th[e] issue" and that "[b]y every indication," Mother had been afforded her rights under the ICWA.[8]

On December 21, 2021, after finding that Mother had failed to furnish security pursuant to its vexatious litigant finding, the trial court granted TDFPS's motion to dismiss and ordered the dismissal of all of Mother's pending motions in the case—including Mother's three petitions for bill of review. Mother now appeals the trial court's dismissal order.

## II. Bill of Review Dismissal

As to Mother's issues one, two, three, four, and seven, Mother has not met her burden as a bill-of-review petitioner.

### A. Standard of Review

We review a trial court's ruling on a bill of review for an abuse of discretion. *Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at *4 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.); *Sparlin v. Gomez*, No. 02-20-00236-CV, 2021 WL 4205058, at *1 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.) (citing *Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *3 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.)). Such an abuse occurs when the trial court acts without reference to any guiding rules or principles. *Sparlin*, 2021 WL

---

[8]Mother testified that she raised her ICWA issue before her parental rights were terminated. TDFPS then incorrectly indicated to the trial court that the issue had been considered by this court. *Cf. D.B.*, 2018 WL 2324689, at *1 (identifying Mother's appellate issues). On appeal, TDFPS clarifies that the Texas Supreme Court had considered the issue, not this court.

4205058, at *1. In other words, we must determine whether the trial court acted arbitrarily or unreasonably. *Id.* The trial court is the factfinder and has the duty of ascertaining the true facts. *Id.* In reviewing the denial of a bill of review, every presumption is indulged in favor of the trial court's ruling, which will not be disturbed unless an abuse of discretion is affirmatively shown. *Id.* (citing *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.)).

Courts do not readily grant bills of review because of the fundamental importance of the finality of judgments in the administration of justice. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984) (noting that courts of equity scrutinize bills of review with extreme jealousy). A person who seeks to set aside a judgment by a bill of review must strictly comply with the rules providing for such relief. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Sparlin*, 2021 WL 4205058, at *1; *Phillips v. Dall. Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 866 (Tex. App.—Dallas 2006, pet. denied). The fact that an injustice might have occurred is not sufficient to justify relief by bill of review. *Sparlin*, 2021 WL 4205058, at *1; *see Kelley v. Wright*, 184 S.W.2d 649, 654 (Tex. App.—Fort Worth 1944) ("A bill of review is considered an extreme remedy for extreme cases which public policy and peace alike require to be administered with extreme care."), *aff'd*, 188 S.W.2d 983 (Tex. 1945) (op. on reh'g). And when tested by exception, a bill-of-review petition's allegations "will usually be judged more strictly

than those of an ordinary civil action." *Raney v. Mack*, 504 S.W.2d 527, 533 (Tex. App.—Texarkana 1973, no writ).

## B. Applicable Law

After a trial court's plenary power has expired, a trial court cannot set aside a judgment except by bill of review filed within the time allowed by law. Tex. R. Civ. P. 329b(f); *Cannon*, 2023 WL 1859881, at *3. A bill of review is an independent equitable proceeding in which the petitioner directly attacks a trial court's judgment that is no longer appealable or subject to a motion for new trial to set it aside. *Valdez*, 465 S.W.3d at 226; *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

To prevail, a bill-of-review petitioner must plead and prove (1) a meritorious claim or defense to the underlying cause of action, (2) which the petitioner was prevented from making by official mistake or the fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence on her own part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker*, 582 S.W.2d at 406–08)). When, as here, the petitioner participated in the underlying trial, she must plead and prove that

> (1) [s]he failed to timely move for a new trial or to otherwise advance an appeal of the trial court's judgment;
>
> (2) [her] failure to do so was caused by an official mistake or by the fraud, accident, or wrongful acts of the opposing party;
>
> (3) [her] failure to act was unmixed with any fault or negligence on [her] part; and

8

(4)    [s]he has a meritorious ground of appeal.

*Cannon*, 2023 WL 1859881, at *3 (first citing *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243–46 (Tex. 1974); and then citing *Ledbetter v. State*, No. 2-03-058-CV, 2004 WL 1799847, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op.)). In other words, "[w]here there has been a trial on the merits . . . a losing [party] can only seek relief by bill of review if the chance to file a motion for new trial or appeal has been lost." *Ledbetter*, 2004 WL 1799847, at *2 (citing *Petro-Chem. Transp.*, 514 S.W.2d at 245–46).

A meritorious ground of appeal is a claim that, had it been presented to the appellate court, would likely be a successful point of error causing the judgment to be reversed. *Cannon*, 2023 WL 1859881, at *3 (quoting *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.)). A bill of review is proper only when the petitioner has exercised due diligence in prosecuting all adequate legal remedies. *King Ranch, Inc.*, 118 S.W.3d at 751. "If legal remedies were available but ignored, relief by equitable bill of review is unavailable . . . even if the failure results from the negligence or mistake of a party's attorney." *Michaels v. Ziegler*, No. 01-10-01063-CV, 2013 WL 655181, at *2 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op.) (first citing *Caldwell*, 975 S.W.2d at 537; and then citing *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968)).

The petition for bill of review must be verified. *Sparlin*, 2021 WL 4205058, at *2; *In re T.W.C.*, No. 06-08-00108-CV, 2009 WL 536858, at *2 n.9 (Tex. App.—

9

Texarkana Mar. 5, 2009, no pet.) (mem. op.) (citing *Galaznik v. Galaznik*, 685 S.W.2d 379, 382 (Tex. App.—San Antonio 1984, no writ)). A verification is a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. *Sparlin*, 2021 WL 4205058, at \*2; *In re Valliance Bank*, 422 S.W.3d 722, 726 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]) (op. on reh'g en banc) (defining verification).

## C. Analysis

Mother failed to meet her burden to establish that she was entitled to relief by bill of review. Following a bench trial—in which Mother participated and testified[9]— the trial court signed its order terminating Mother's parental rights on December 20, 2017. Mother timely appealed to this court, and we affirmed the trial court's order of termination. *D.B.*, 2018 WL 2324689, at \*18. After Mother's counsel filed an *Anders* petition for review in June 2018, Mother, proceeding pro se, filed an amended petition for review in October 2018. Among the complaints made in her petition, she argued that the trial court violated the ICWA, violated her religious freedom rights afforded by the First Amendment, and failed to acknowledge that it did not have jurisdiction to hear the case because the family resided in Oklahoma. She also argued that this court failed to recognize the "fraud on the court" that had occurred before the trial court. The Texas Supreme Court denied Mother's petition in November 2018 and later denied her motion for rehearing in February 2019. We issued mandate on March 4,

---

[9]*See D.B.*, 2018 WL 2324689, at \*3, \*5.

2019. Mother therefore cannot plead and prove that she failed to advance an appeal of the trial court's judgment, particularly when the exact issues she raises in this appeal have already been presented to an appellate court.

Mother also cannot plead and prove that she was prevented from making a meritorious defense due to fraud, accident, or wrongful act by TDFPS, and on appeal, she has failed to explain how she was prevented from raising her purported meritorious grounds. In her three, thirty-page petitions, Mother pleaded that she had a meritorious defense in that "there was no jurisdiction of the [S]tate of Texas." She then asserted that the trial judge and her trial counsel committed fraud by withholding jurisdictional information from this court. But Mother was required to plead and prove fraud, accident, or wrongful acts on the part of TDFPS—not the trial court or her trial counsel. *See King Ranch, Inc.*, 118 S.W.3d at 752 ("[A]llegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review."). Moreover, the record indicates that the trial court considered Mother's jurisdictional argument and determined that it had jurisdiction, and there is nothing in the record indicating that Mother was prevented from raising—fraudulently or otherwise—this or any other issue. Nor is there anything in the record supporting any of Mother's vague allegations of fraud, which are intrinsic and will not support a bill of review even if true.[10] *See id.* (stating issues underlying the judgment attacked by bill

---

[10]With respect to Mother's fourth issue, we simply cannot discern what argument Mother is attempting to make.

11

of review are intrinsic—relate to the merits—and have no probative value on the fraud necessary to a bill of review).

As to the ICWA issue, the facts related to the children's alleged Native American heritage would have existed and would have been within Mother's knowledge at the time of trial, so she cannot attempt to re-litigate the issue by bill of review. *See Thompson*, 149 S.W.3d at 165 ("A bill of review does not lie where the facts and issues urged as a defense to the original suit existed and were within the knowledge of the petitioner at the time of trial."). In any event, during the December 1, 2021 hearing, the trial court determined that, based on the evidence before the trial court, Mother had been afforded her rights under the ICWA. For example, Mother testified that she had raised the issue "before the termination . . . . [I]t's on the transcript of the termination hearing and the abatement hearing also." And the Texas Supreme Court later denied Mother's petition for review, which also raised the ICWA issue. Accordingly, Mother cannot establish that she was denied the opportunity to fully litigate at trial all the rights or defenses that could have been asserted.

Mother filed a direct—albeit unsuccessful—appeal of the judgment she sought to attack in her bill of review. She then attempted to appeal the judgment several more times in this court, the Texas Supreme Court, and the U.S. Supreme Court, raising the same issues she raised in her bill of review and in this appeal. We conclude that the trial court did not abuse its discretion by dismissing Mother's petitions for bill of review. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) ("[A] bill of review may

not be used as an additional remedy after one . . . has made a timely but unsuccessful appeal."); *Pelloat v. Bolenbaucher*, No. 09-17-00415-CV, 2018 WL 2339644, at *3 (Tex. App.—Beaumont May 24, 2018, pet. denied) (mem. op.) ("[I]ssues that have already been litigated or could have been litigated in the trial court cannot be re-litigated in a bill of review."); *Thompson*, 149 S.W.3d at 165–66 ("Equity cannot be invoked to obtain a retrial of issues that were or could have been presented to the trial court." (citing *Kelly v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945))); *see also In re A.A.S.*, 367 S.W.3d 905, 910 n.2 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[W]here, as here, the trial court dismisses or denies the petition for bill of review as untimely,[11] then the earlier judgment remains final, and the matters adjudicated in the earlier suit are not again placed in issue.").[12]

We overrule issues one, two, three, four, and seven.

---

[11]In *A.A.S.*, the trial court dismissed a petition for bill of review pursuant to Family Code Section 161.211, which provides that the validity of an order terminating the parental rights of a person is not subject to collateral or direct attack more than six months after the date the order was signed. 367 S.W.3d at 907; *see* Tex. Fam. Code Ann. § 161.211. Here, TDFPS raised the same argument before the trial court.

[12]TDFPS also argues that the trial court did not abuse its discretion in denying Mother's petitions for bill of review because they are unverified. Our review of the record indicates that the petitions are verified. Further, "[a]ny pleading defect 'either of form or of substance' must be 'pointed out by exception in writing' and brought to the attention of the trial court or it is waived." *T.W.C.*, 2009 WL 536858, at *2 n.9 (quoting Tex. R. Civ. P. 90). Because the record indicates that TDFPS failed to do so, any error concerning verification is waived.

### III. Vexatious Litigant Determination

In her fifth and sixth issues, Mother contends that the trial court erred by ruling that she was a vexatious litigant and by denying her right to counsel at the vexatious litigant hearing.[13]

As a preliminary matter, Mother contends that the vexatious litigant statute does not apply to post-judgment proceedings. According to Mother, "[t]he final order of th[e trial] court was issued earlier, and the court lost its plenary power." Our understanding of Mother's argument is that the "final order" refers to the trial court's December 20, 2017 termination order. But Mother's argument fails because a bill of review is an independent equitable action brought to set aside a judgment—here, the termination order—that is no longer appealable or subject to a motion for new trial. *Baker*, 582 S.W.2d at 406–08. A bill of review is a new lawsuit, not a post-judgment proceeding, and the vexatious litigant statute applies. *See id.*; *Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 WL 4283106, at *2 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.) ("[A] bill of review proceeding is subject to the vexatious litigant statute.").

### A. Controlling a Vexatious Litigant

Chapter 11 of the Texas Civil Practice and Remedies Code provides that a "defendant may, on or before the 90th day after the date the defendant files [its] original answer or makes a special appearance, move the court for an order[] (1)

---

[13]While Mother's fifth issue vaguely asserts that she was not allowed to be represented by her lawyer "during the trial," we construe this to mean the vexatious litigant hearing.

determining that the plaintiff is a vexatious litigant[] and (2) requiring the plaintiff to furnish security." Tex. Civ. Prac. & Rem. Code Ann. § 11.051. If the trial court determines that the plaintiff is a vexatious litigant, there are then two methods of controlling the behavior of the vexatious litigant. *See Dunlap v. City of Fort Worth*, No. 02-21-00130-CV, 2021 WL 5028767, at \*3 (Tex. App.—Fort Worth Oct. 28, 2021, no pet.) (mem. op.). Here, the trial court's order utilized both methods.

Under the first method, once the trial court conducts a hearing and makes the determination that the plaintiff is a vexatious litigant, the trial court may order "the plaintiff to furnish security for the benefit of the moving defendant" and then "determine the date by which the security must be furnished." Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051, .053, .055(a), (b). If the plaintiff fails to timely post the security, the trial court is required to dismiss "litigation as to a moving defendant." *Id.* § 11.056.

The second method also requires a finding that a person is a vexatious litigant. *See id.* § 11.101(a). The trial court may then "enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge." *Id.*

## B. Standard of Review

We review the trial court's finding that a litigant is vexatious under an abuse of discretion standard. *Dunlap*, 2021 WL 5028767, at \*4; *Amrhein v. Bollinger*, 593 S.W.3d 398, 404 (Tex. App.—Dallas 2019, no pet.). Under this standard, we are not permitted to simply substitute our judgment for that of the trial court:

On an abuse of discretion challenge, we are not free to substitute our own judgment for the trial court's judgment. *Bowie Mem['l] Hosp[.] v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We can only find an abuse of discretion if the trial court "acts in an arbitrary or capricious manner without reference to any guiding rules or principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The court's decision must be "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 801 (Tex. 2002). Applying these principles, we must determine whether the trial court's application of the vexatious litigant statute constitutes an abuse of discretion.

*Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.—Dallas 2006, no pet.).

## C. Applicable Law

Section 11.054 of the Texas Civil Practice and Remedies Code sets out the criteria for finding a plaintiff to be a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054. The first is "that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." *Id.* The next requires proof that the plaintiff is vexatious and provides three alternatives of proof. *Id.*; *see also Dunlap*, 2021 WL 5028767, at *5; *Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 532 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Relevant to this case, Subsection (2) sets out one alternative as follows:

(2) [A]fter a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final

16

determination against the same defendant as to whom the litigation was finally determined.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054(2).

Subsection (2) allows a movant to prove either that the plaintiff has repeatedly litigated the matter dealt with in Subsections (A) or (B) or that the plaintiff simply attempted to relitigate the matter. *Dunlap*, 2021 WL 5028767, at 5; *see Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) ("Section 11.054 allows a trial court to find a litigant vexatious if she *either* 'repeatedly relitigates' *or* 'attempts to relitigate' a matter that has been finally determined against her.").

## D. Analysis

### 1. Vexatious Litigant Finding

TDFPS timely filed its motion for an order declaring Mother to be a vexatious litigant and requiring security. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051; *Connor v. Hooks*, No. 03-19-00198-CV, 2021 WL 833971, at *3 n.4 (Tex. App.—Austin Mar. 5, 2021, pet. struck) (mem. op.) ("Section 11.051 merely sets a deadline by which a defendant may file the motion; it does not require that an answer or special appearance be filed prior to the filing of the motion.").[14] In its motion, TDFPS

---

[14]Mother's brief cites caselaw discussing the ninety-day deadline in which a defendant must file its motion. We are unable to ascertain what argument Mother is attempting to make, if any, by citing these cases. But to the extent Mother argues that TDFPS missed the ninety-day deadline because it did not file an original answer or special appearance, we agree with our sister court and hold that TDFPS was not

pleaded that there is no reasonable probability that Mother will prevail in the underlying litigation against TDFPS because her indirect attack on the trial court's termination order is time barred. *See* Tex. Fam. Code Ann. § 161.211(a) ("[T]he validity of an order terminating the parental rights of a person who has been personally served . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed."). Section 161.211 therefore precludes Mother's challenge to the trial court's termination order.

As proof that Mother is vexatious, TDFPS pleaded that the termination order had been appealed and affirmed by this court; that Mother had filed multiple petitions for review in the Texas Supreme Court, which were denied; that she had filed another bill of review attacking the termination order in Travis County, which was dismissed; and that, since the date the trial court entered its termination order, Mother had filed a total of forty-one motions in two separate trial court cause numbers.[15]

The trial court heard TDFPS's motion on September 16, 2021. The trial court took judicial notice of all the filings Mother had made in the case, as well as Mother's several attempts to appeal, re-appeal, and refile her termination case. In response to TDFPS's arguments for finding her to be a vexatious litigant, Mother again

---

required to file an answer or special appearance before filing its motion. *See Connor*, 2021 WL 833971, at *3 n.4 (citing Tex. Civ. Prac. & Rem. Code Ann. § 11.051).

[15]From the record it appears that a second trial court cause number had been assigned for subsequent filings after the initial case was dismissed in November 2019 when the children were adopted.

propounded the same jurisdictional argument that she had asserted several times—and continues to assert—in multiple pro se filings in both trial and appellate courts.

The procedural history of this case alone supports the trial court's finding that Mother is a vexatious litigant. Additionally, we agree with TDFPS's argument that Family Code Section 161.211 precludes Mother from challenging the trial court's termination order. Mother's parental rights were terminated on December 20, 2017—over five years ago. Yet Mother has ceaselessly attempted to have the trial court's termination order reversed ever since, despite the children having already been adopted and despite several courts—including this one—having overruled her claims or dismissed her action. Indeed, she makes the same claims in the underlying petition for bill of review and raises the same issues in this appeal.

We conclude that the trial court could have determined that there was no reasonable probability that Mother would prevail in her bill of review and that, after the parental-rights-termination litigation was finally determined against Mother, she repeatedly relitigated or attempted to relitigate the validity of the trial court's termination order. *See Forist*, 141 S.W.3d at 670–71 (finding vexatious litigant criteria satisfied when plaintiff "attempt[ed] to relitigate" cause of action by filing bill of review in appellate court after Texas Supreme Court denied her petition for review of direct appeal from final judgment). Accordingly, the trial court did not abuse its discretion when it found Mother to be a vexatious litigant and ordered her to furnish security, which she failed to do. Because a trial court is required to dismiss a vexatious

litigant's suit if she fails to furnish the required security within the prescribed period of time, we hold that the trial court's dismissal order was not an abuse of discretion.

### 2. Right to Counsel

At the September 16, 2021 hearing, the attorney that had filed Mother's motion for return of custody and for dismissal of proceedings was present due to a miscommunication as to which motion would be heard at the hearing. Because that motion was not set to be heard that day and because TDFPS's vexatious litigant motion was separate and independent from the motion for return of custody and for dismissal of proceedings, the attorney did not participate in the hearing. Indeed, the vexatious litigant determination had no bearing on the motion. Mother therefore proceeded pro se with the vexatious litigant hearing.

On appeal, she contends that she was denied her right to counsel at the hearing. The right to counsel in a civil proceeding, however, is limited and only "applicable when a deprivation of liberty is possible." *Hilliard v. Holland*, No. 2-03-287-CV, 2004 WL 2712159, at \*2 (Tex. App.—Fort Worth Nov. 24, 2004, no pet.) (mem. op.); *see Erazo v. Sanchez*, 580 S.W.3d 768, 770 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("There is no general right to counsel in Texas in civil cases."); *Serrano v. Pellicano Bus. Park, L.L.C.*, No. 08-16-00327-CV, 2017 WL 6506315, at \*1 (Tex. App.—El Paso Dec. 20, 2017, no pet.) (mem. op.) ("The Sixth Amendment's right to counsel does not apply to civil cases."); *In re J.A.G.*, 18 S.W.3d 772, 774 (Tex. App.—San Antonio 2000, no pet.) (holding appellant not entitled to counsel when

20

incarceration was not potential result of proceeding). Further, nothing in the vexatious litigant statute provides that the nonmovant is entitled to an attorney on the matter. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051–.057. We hold that Mother was not denied any purported right to counsel.[16]

We overrule Mother's fifth and sixth issues.

## IV. Conclusion

We conclude that the trial court did not abuse its discretion by dismissing Mother's petition for bill of review, by finding Mother to be a vexatious litigant and requiring her to furnish security, or by dismissing her case when she failed to furnish the required security. Having overruled all of Mother's issues, we affirm the trial court's judgment.[17]

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 20, 2023

---

[16]Additionally, the trial court provided Mother with the opportunity to review TDFPS's vexatious litigant motion with her attorney and encouraged her to ask him questions.

[17]Mother filed a "Motion for Extension to Appellant's Reply Brief" and a "Motion for Appointment of Counsel," which have been carried with the case. The court has considered the motions and is of the opinion that the motion for extension to file a reply brief should be granted, though Mother has already filed her reply brief, and the motion for appointment of counsel should be denied.